TDW-CUM-
3/29/20

<u>Reliable Copy Service Inc. v. Liberty</u>, CV-10-125 (Superior Ct. Cumberland)

Before the court is a motion by defendants Michael Liberty and Liberty Group Inc. (the Liberty defendants) for relief pursuant to Rule 60(b) from a Pennsylvania default judgment that has been filed in Maine pursuant to the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S. § 8001 et seq.[1]

The Liberty defendants' argument is that the Pennsylvania judgment was entered in violation of due process and therefore is not entitled to enforcement.

1. <u>Procedural History</u>

The record reflects that the judgment in question resulted from a lawsuit that was filed in the Pennsylvania Court of Common Pleas, County of Philadelphia, by plaintiff Reliable Copy Service Inc. against Liberty and the Liberty Group. Specifically, the docket sheet from the Court of Common Pleas reflects that Reliable Copy filed a "Complaint with Notice to Defend within 20 days" on April 8, 2009. Service was made by certified mail, return receipt requested, on Liberty and the Liberty Group at 130 Middle Street, Portland, Maine 04101. Receipts for those mailings were signed on April 10, 2009.[2]

Service by certified mail upon an out of state defendant is expressly allowed under the Pennsylvania Rules of Civil Procedure. Pennsylvania Rule 404(b)(2) provides that process served outside the Commonwealth may be served "by mail in the manner provided by Rule 403," and Rule 403 provides that when service by mail is authorized, process shall be mailed to the defendant "by any form of mail requiring a receipt signed by the defendant or his authorized agent."

No answers or other responses were timely filed in the Court of Common Pleas. On or about May 4, 2009, pursuant to Rule 237.1(a)(2) of the Pennsylvania Rules of Civil Procedure, counsel for Reliable Copy sent "Notices of Intention to Take Default" to Liberty and the Liberty Group at the 130 Middle Street address. Those notices were also sent by certified mail and were signed for on May 6, 2009.[3]

On May 27, 2009 the Court of Common Pleas docket sheet reflects that a Praecipe for Entry of Default Judgment was filed and that a default judgment was entered against Liberty and the Liberty Group assessing $ 93,869.70 in damages.

On June 8, 2009 that judgment was vacated. On June 9, 2009 a second Praecipe for Entry of Default Judgment was filed and a default judgment was entered against

---

[1] Under that act a foreign judgment that has been filed is subject to the "same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the District Court or the Superior Court of this State." 14 M.R.S. § 8003.

[2] Copies of the signed certified mail receipts are annexed to the Pennsylvania judgment that was filed in this court on May 24, 2010.

[3] Copies of the notices and the signed certified mail receipts are also annexed to the Pennsylvania judgment that was filed in this court on May 24, 2010.

Liberty and the Liberty Group assessing $ 136,761.38 in damages. The difference in amount appears to have resulted from an increase in prejudgment interest and the addition of $ 20,421.61 in attorneys' fees.

On June 26, 2009 the Liberty defendants, acting through Pennsylvania counsel, filed a "Petition to Open Default Judgment" in the Court of Common Pleas. That petition stated in pertinent part that the Liberty Group was

> under the now admittedly mistaken opinion that service of a
> Complaint by certified mail on an out-of-state defendant was
> not proper under the applicable Rules of Civil Procedure
> and, therefore, it had ignored the lawsuit until such time as
> it became aware that such service was in fact proper.

Petition ¶ 20. Pennsylvania counsel nevertheless argued that the default judgment should be opened because the Liberty defendants had a legitimate excuse for their delay, that they had meritorious defenses, and that they had acted promptly to set aside the default.

The Court of Common Pleas denied the Liberty defendants' motion to open the default judgment on September 3, 2009.

On September 14, 2009 the Liberty defendants filed a motion for reconsideration of the September 3, 2009 denial. In their motion to reconsider they raised an argument that they had not previously made – that they were entitled to relief because they had not received prior notice of the increase in the judgment from $ 93,869.70 to $ 136,761.38.

Before the Liberty defendants' motion to reconsider had been acted upon, they filed a notice of appeal to the Pennsylvania Superior Court from the September 3, 2009 denial of their original motion.[4] Under Pennsylvania procedure, when an appeal is filed from an order that does not give a statement of the reasons for the order, the trial judge is required to issue an opinion setting forth his reasons and the Pennsylvania trial judge filed such an opinion with respect to defendants' appeal on January 8, 2010. Plaintiff's Ex. C. On February 24, 2010 the Liberty defendants withdrew their pending appeal in the Pennsylvania Superior Court. Plaintiff's Ex. E.


2. Pennsylvania Service by Certified Mail

The Liberty defendants' argument that due process was violated by the method of service employed in this case largely depends on the premise that service by certified mail does not comply with the Maine Rules of Civil Procedure. This does not constitute a denial of due process. The basic requisite of due process is notice reasonably calculated to apprise the defendant of the pendency of the action and an opportunity to be heard. E.g., Dusenbery v. United States, 534 U.S. 161, 167-68 (2002); Mullane v.

---

[4] The docket sheet reflects that defendants' motion for reconsideration was thereafter dismissed as a moot, apparently because an appeal had been taken from the original order.

2

Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950); Gaeth v. Deacon, 2009 ME 9 ¶¶ 20-23, 31, 964 A.2d 621, 626-27, 629. In the due process context the Supreme Court has noted that there is ample precedent approving service by mail or certified mail. Jones v. Flowers, 547 U.S. 220, 226 (2006); Dusenbery v. United States, 534 U.S. at 169. Further efforts to provide notice may be necessary if the party giving notice becomes aware that the attempt to give notice by mail has failed, see Jones v. Flowers, 547 U.S. at 225, but that was not the situation in this case.

Here defendants acknowledged in their motion to open the Pennsylvania judgment that they had received actual notice of the lawsuit but had chosen to ignore it until after a judgment had been entered. Given that they received actual notice and had an opportunity to be heard, they did not have a due process right to have service made according to the law of the jurisdiction where they happen to reside, as opposed to the law of the jurisdiction where the action was filed. Parties to a lawsuit must be validly served according to the law of the jurisdiction where the action is pending. See Brown v. Thaler, 2005 ME 75 ¶¶ 9, 11, 880 A.2d 1113, 1116. In this case, however, service by certified mail complied with Pennsylvania law. Thus, although valid service must be made before a court acquires personal jurisdiction over a defendant, Brown v. Thaler, 2005 ME 75 ¶ 10, 880 A.2d at 1116, that aspect of personal jurisdiction was complied with in this case.

There is an additional dimension of personal jurisdiction which relates to due process – whether residents of Maine may be subjected to suit in a foreign jurisdiction. In this case the defendants have not raised that issue. Thus, they argue that the Pennsylvania courts lacked personal jurisdiction over them, but only because they contend that service by certified mail is insufficient to confer personal jurisdiction. See, e.g., Defendant's Reply Memorandum dated February 1, 2011 at 3.

In any event, Pennsylvania courts would have been entitled to exercise personal jurisdiction over the Liberty defendants under the due process and minimum contacts standards set by the U.S. Supreme Court in International Shoe and its progeny if (1) Pennsylvania had a legitimate interest in the subject matter of the litigation; (2) the Liberty defendants, by their conduct, reasonably could have anticipated litigation in Pennsylvania; and (3) the exercise of jurisdiction by Pennsylvania's courts comports with traditional notions of fair play and substantial justice. E.g., Estate of Hoch v. Stifel, 2011 ME 24 ¶ 25.

On their motion for relief from the Pennsylvania judgment the Liberty defendants have the burden of proof. KeyBank N.A. v. Sargent, 2000 ME 153 ¶ 13, 758 A.2d 528, 533. They have not offered any evidence or argument that Pennsylvania did not have a legitimate interest in the litigation, that the Liberty defendants could not reasonably have anticipated litigation in Pennsylvania, or that the exercise of jurisdiction by a Pennsylvania court (as opposed to defendants' arguments with respect to the method of service) did not comport with traditional notions of fair play and substantial justice. In fact, the only evidence in the record is to the contrary.[5]

---

[5] As stated in the opinion of the Court of Common Pleas, the basis of the lawsuit was (1) that the Liberty defendants had retained Reliable Copy Service to perform copying, optical character recognition, and coding services in connection with a lawsuit in which the Liberty defendants

In sum, although service by certified mail is not an authorized method of service under Maine law, it is an authorized method of service under Pennsylvania law – as the Liberty defendants acknowledged in their Pennsylvania motion to open the judgment. At least in a case where the Liberty defendants received actual notice of the lawsuit and where the record demonstrates that they also received notice of Reliable Copy's intention to take a default, their due process challenge to the method of service must be rejected.


3. Increase in Amount of Judgment

The Liberty defendants also argue that they were denied due process because they were not given notice of the increase in the default judgment – from $ 93,869.70 in the first judgment to $ 136,761.38 in the second judgment. The problem with this argument is that, once having defaulted, the defendants were not entitled as a matter of due process to receive notice of subsequent events in the lawsuit.

Nevertheless, pursuant to the Pennsylvania Rules of Civil Procedure, the Liberty defendants were sent Notices of Intention to Take Default. Such notices would not have been required under the Maine Rules of Civil Procedure. See M.R.Civ.P. 55(b)(2) (requiring that notice of application for a default judgment be served only on parties who have appeared in the action). Moreover, those Notices, copies of which are annexed to the certified copy of the Pennsylvania judgment filed on May 24, 2010, did not state the amount of the default judgment that was being sought but merely informed the defendants (in capital letters) that they were in default and that unless they acted within 10 days "a judgment may be entered against you without a hearing."

On the basis of this record, therefore, Reliable Copy could have sought the higher amount in its original judgment, and the Liberty defendants have not shown that they were denied due process when the judgment amount was changed.

The Liberty defendants' argument might be somewhat stronger if they offered evidence that, although they received notice of the lawsuit, that notice specifically set forth the extent of their liability in the event of a default and the final judgment exceeded that figure. However, the Liberty defendants have not argued that they were ever informed (in the complaint or otherwise) that Reliable Copy was only seeking damages in the amount of $ 93,869.70. On their motion for relief from the judgment, as noted above, the Liberty defendants have the burden of proof. They have not offered any evidence that they were ever given any reason to believe that their liability would be capped at the lower figure.

Finally, what distinguishes this case from T.D. Banknorth v. Hawkins, 2010 ME 104, 5 A.3d 1042, is that in Hawkins, a default judgment was vacated because the plaintiff had amended its complaint and the defendant had never been served with or

---

were engaged in the U.S. District Court for the Eastern District of Pennsylvania, (2) Reliable Copy billed the Liberty defendants for the work it had performed, and (3) Reliable Copy commenced the lawsuit when the Liberty defendants failed to pay. See Plaintiff's Exhibit C.

4

given an opportunity to respond to the amended complaint. See 2010 ME 104 ¶¶ 5-6, 19-22, 5 A.3d at 1044-45, 1047-48. Reliable Copy never amended its complaint in this case. Moreover, Hawkins was not based on due process but rather on the principle that an amended complaint supercedes the original complaint. See 2010 ME 104 ¶¶ 19-21, 5 A.3d at 1047-48.

Because the court concludes that the Liberty defendants' due process challenge is unavailing on the merits, it is not required to consider Reliable Copy's alternative argument that, because the Liberty defendants filed an unsuccessful motion to open the Pennsylvania judgment in the Court of Common Pleas and could have raised their due process challenge in that motion, their due process arguments in this court are barred by res judicata. Indeed, whether the Pennsylvania proceedings would be entitled to res judicata effect may depend on whether those proceedings complied with due process. See C. Wright, A. Miller & E. Cooper, Jurisdiction 2d § 4415 at 366 (2002).

4. Further Proceedings

In an effort to enforce its judgment, Reliable Copy has commenced disclosure proceedings in the Maine District Court. See Docket Nos. SA-10-1775, SA-10-1776. Those proceedings have been continued pending the outcome of the instant motion, and those files have been transferred to this court to await this ruling.[6] This court will retain those files until the deadline for any appeal has run but, in the absence of an appeal, shall return those files so that the District Court can conduct any appropriate disclosure hearings.

The entry shall be:

Defendants' motion for relief from the foreign judgment entered in this action is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _29_, 2011

Thomas D. Warren
Justice, Superior Court

---

[6] At one point an order was issued consolidating the disclosure proceedings with this action but that order was subsequently vacated by the District Court (Moskowitz, J.) because the District Court has exclusive jurisdiction over disclosure proceedings. 14 M.R.S. § 3121-A(1).

---------------------------------------------------------------------------

01 0000008885              BURNS, AARON P
      TWO MONUMENT SQUARE, 9TH FLOOR PO BOX 108 PORTLAND ME 04112
      F      RELIABLE COPY SERVICE INC              PL        RTND    03/18/2010

02 0000004717              HAAG, DARYA I
      415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
      F      LIBERTY GROUP INC                      DEF       RTND    12/21/2010
      F      MICHAEL LIBERTY                        DEF       RTND    12/21/2010