2005 ME 75

**Wallace R. BROWN**

v.

**Jeffrey A. THALER et al.**

Supreme Judicial Court of Maine.

Argued: May 17, 2005.
Decided: June 22, 2005.

Wallace R. Brown (orally), Falmouth, for plaintiff.

Christopher C. Taintor, Esq. (orally), Russell B. Pierce Jr., Esq., Norman, Hanson & DeTroy, LLC, Portland, for defendants.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Wallace R. Brown appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) dismissing his complaint for insufficient service of process, and, in part, for failure to state a claim. Brown argues that the court erred in denying him his right to a trial by jury because the defendants in this matter, Jeffrey A. Thaler, Berman & Simmons, P.A., and Bernstein, Shur, Sawyer & Nelson (BSSN), received actual notice of his complaint. Because Brown failed to properly serve process, we affirm the judgment.

[¶ 2] In 1996, Brown retained Thaler, an attorney then practicing with the law firm of Berman & Simmons, to represent him in matters related to recovery of losses from an oil spill in Portland harbor that damaged Brown's three commercial fishing vessels. During the course of the representation, Thaler moved from Berman & Simmons to BSSN.

[¶ 3] Dissatisfied with the representation he received, Brown filed a complaint with the Superior Court alleging that Thaler, Berman & Simmons, and BSSN were liable to him for damages. Brown mailed the defendants the summons and complaint by certified mail. Rule 4(c)(1) of the Maine Rules of Civil Procedure provides that service by mail may be accomplished as follows:

> (c) Service. Service of the summons and complaint may be made as follows:

(1) By mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment form and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this paragraph is received by the sender within 20 days after the date of mailing, service of the summons and complaint shall be made under paragraph (2) or (3) of this subdivision.

M.R. Civ. P. 4(c)(1).

[¶ 4] Pursuant to M.R. Civ. P. 4(c)(1), to complete service by mail (1) the summons and complaint must be mailed to the person to be served; (2) the served documents must be accompanied by a notice and acknowledgement form and a prepaid envelope to be returned to the sender with the signed acknowledgement form; and (3) pursuant to M.R. Civ. P. 4(h), the signed acknowledgement form must be filed with the court.

[¶ 5] When the person to be served does not consent to be served by mail by returning the acknowledgement form, service must be made by personal service, M.R. Civ. P. 4(c)(2), or another method authorized by law, M.R. Civ. P. 4(c)(3). The Advisory Committee Notes to the 1992 amendments to M.R. Civ. P. 4(c)(1) and (3) state that "[t]he intention is to make clear that the original service by mail is invalid if no acknowledgement is received, and that service under paragraph (2) or (3) must be employed *if jurisdiction of the defendant is to be obtained.*" M.R. Civ. P. 4, Advisory Committee's Note to 1992 amend. (emphasis added).

[¶ 6] Brown did not include acknowledgements of service with his mailings to the defendants, and none of the defendants acknowledged service. Instead, Brown filed with the court the return receipts from his certified mailings. With these filings Brown requested entry of a default against each defendant. Defaults were then entered by the clerk. Three days later, on December 22, 2003, the Superior Court (*Warren, J.*) vacated the defaults on the basis that failure to return an acknowledgement of service and answer cannot result in a default judgment, citing M.R. Civ. P. 4(c)(1). In its order, the court stated that "[Brown] shall be required to effect service pursuant to Rules 4(c)(2) or 4(c)(3)." The record does not indicate that Brown took any steps to properly complete service in accordance with the rules identified by the court.

[¶ 7] Over six months later, Thaler, BSSN, and Berman & Simmons filed motions to dismiss. The court granted Thaler and BSSN's motion to dismiss for insufficient service of process. Because some of Thaler's alleged actions or omissions occurred while he was employed at BSSN and within the statute of limitations, 14 M.R.S.A. § 752 (2003), the court granted Thaler and BSSN's motion without prejudice. The court also granted Berman & Simmons's motion, both for insufficient service of process and failure to state a claim. The court granted Berman & Simmons's motion with prejudice. It found that at no time within the statute of limitations was Thaler employed at Berman & Simmons. This timely appeal followed.

## DISCUSSION

[¶ 8] Whether Brown commenced an action and served process in accordance with M.R. Civ. P. 4 is a question of law that we review de novo. *See Splude v. Dugan,* 2003 ME 88, ¶ 5, 828 A.2d 772, 774–75. Brown's status as a self-represented litigant does not afford him any exemption from compliance with the rules of service. We have held that self-represented parties are subject to the same

standards as represented parties, particularly in areas so fundamental as service of process. *Uotinen v. Hall,* 636 A.2d 991, 992 (Me.1994).

[¶ 9] Brown relies on our decision in *Phillips v. Johnson,* 2003 ME 127, 834 A.2d 938, in which we stated that "a technical defect in service will not ordinarily negate the notice when actual notice is accomplished." *Id.* ¶ 24, 834 A.2d at 945. This construction of Rule 4 " 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service [of process] may be had.' " *Bennett v. Circus U.S.A.,* 108 F.R.D. 142, 148 (N.D.Ind.1985) (quoting *United States v. Mollenhauer Labs., Inc.,* 267 F.2d 260, 262 (7th Cir.1959)).[1]

 [¶ 10] Service of process serves a dual purpose. It serves the basic purpose of giving the party served adequate notice of the pendency of an action. *See Town of Ogunquit v. Dep't of Pub. Safety,* 2001 ME 47, ¶ 11, 767 A.2d 291, 294. Additionally, and as addressed in the 1992 Advisory Committee Notes, service of process gives the court personal jurisdiction over the defendant. *See Lewien v. Cohen,* 432 A.2d 800, 804–05 (Me.1981) ("Under Maine law and federal constitutional dictates of due process, service of process ... is necessary to insure that the court in which an action is initiated gains personal jurisdiction over the parties."). *See also Printed Media Servs., Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir.1993) (court lacks jurisdiction over defendant who was improperly served). Any judgment by a court lacking personal jurisdiction over a party is void. *Lewien,* 432 A.2d at 805;

*Dodco, Inc. v. Am. Bonding Co.,* 7 F.3d 1387, 1388–89 (8th Cir.1993).

[¶ 11] To properly serve the defendants Brown had to follow the requirements of M.R. Civ. P. 4(c), that specifies how service of a summons and complaint is to be made. Because the defendants did not acknowledge service, and no acknowledgement forms were returned to the court, no service occurred when Brown mailed them the summons and complaint. Other than in two discrete situations,[2] Rule 4 does not provide for service exclusively by mail.

[¶ 12] As a practical matter, the treatment of the acknowledgment of service as the key event marking effective service of process ensures the integrity of the commencement of litigation. *See* Kent Sinclair, *Service of Process: Rethinking the Theory and Procedure of Serving Process Under Federal Rule 4(c),* 73 VA. L. REV. 1183, 1220 (1987). Service of process triggers the procedural timetable for the lawsuit. *Id.* at 1219; *see also* M.R. Civ. P. 12(a) ("A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant ...."). With the acknowledgment of service establishing the completion of service, not only is it clear to the court and all the parties when service occurred, but the defendant in particular is protected from anyone who may have incentive to falsely swear that service occurred at some other time. *See* Sinclair, 73 VA L. REV. at 1220.

[¶ 13] Accordingly, the court did not err in dismissing Brown's complaint for insufficient service of process.

---

1. In *Bennett,* even though the defendant knew of the lawsuit, the court vacated a default judgment because service was insufficient. *Bennett v. Circus U.S.A.,* 108 F.R.D. 142, 149–50 (N.D.Ind.1985).

2. Rule 4 permits service by mail only for serving persons outside the State under certain circumstances and for serving persons in divorce actions. M.R. Civ. P. 4(f)(1), (2).