STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. CV-05-753

WALLACE R. BROWN

            Plaintiff

      v.                                        ORDER ON
                                                DEFENDANTS' MOTION
                                                TO DISMISS
JEFFREY A. THALER, ESQ.
and BERNSTEIN, SHUR,
SAWYER & NELSON

            Defendants


      Before the court is defendants Jeffrey A. Thaler and Bernstein, Shur,

Sawyer, & Nelson, P.A.'s ("Defendants") motion to dismiss plaintiff Wallace R.

Brown's ("Plaintiff") complaint.

                              **BACKGROUND**

      On December 19, 2005, Plaintiff commenced the present action against

Defendants ("Current Action"), alleging breach of contract, negligence, negligent

misrepresentation, vicarious liability, and punitive damages, based on Defendant

Thaler's alleged failures in his legal representation of Plaintiff. This is Plaintiff's

second complaint against Defendants. The first complaint ("First Action") was

filed by Plaintiff on September 24, 2003, and dismissed on August 31, 2004 for

failure of service. This dismissal was upheld by the Law Court. *See Brown v.*

*Thaler,* 2005 ME 75, ¶ 13, 880 A.2d 1113, 1116 (June 22, 2005).[1]

---

[1] That opinion recounted the events resulting in dismissal of the First Action as follows:
"Brown did not include acknowledgements of service with his mailings to the defendants, and none of the
defendants acknowledged service. Instead, Brown filed with the court the return receipts from his certified
mailings. With these filings Brown requested entry of a default against each defendant. Defaults were then
entered by the clerk. Three days later, on December 22, 2003, the Superior Court (*Warren, J.*) vacated the

1

At the time of the First Action, this court stated, "Plaintiff's harm was allegedly caused by a series of acts or omissions on the part of Defendant Thaler while employed at [Bernstein, Shur, Sawyer, & Nelson, "BSSN"], some falling within, and some falling outside, the applicable statute of limitations." *Brown v. Thaler*, 2004 Me. Super. LEXIS 226, * 12 (Aug. 31, 2004). Accordingly, when it dismissed the First Action against Defendants on the basis of insufficient service of process, it did so without prejudice. *Id.* Plaintiff appealed that decision and, within six months after the Law Court's decision, filed the Current Action.

## DISCUSSION

Defendants move to dismiss the Current Action in its entirety based on the running of the statute of limitations. *See* 14 M.R.S.A. § 752. They show conclusively that all of the acts alleged as the basis for the Current Action occurred more than eight years ago, outside of the applicable six-year limitation on actions. *See id.* Plaintiff claims, however, that the statute of limitations was tolled from the time he commenced the First Action until six months following the Law Court's decision on that action. *See* 14 M.R.S.A. § 855.

§ 855 ("Maine Savings Statute") states in pertinent part:

When a summons fails of sufficient service or return by

unavoidable accident, or default, or negligence of the officer to

defaults on the basis that failure to return an acknowledgement of service and answer cannot result in a default judgment, citing M.R. Civ. P. 4(c)(1). In its order, the court stated that '[Brown] shall be required to effect service pursuant to Rules 4(c)(2) or 4(c)(3).' The record does not indicate that Brown took any steps to properly complete service in accordance with the rules identified by the court.

"Over six months later, Thaler, BSSN, and Berman & Simmons filed motions to dismiss. The court granted Thaler and BSSN's motion to dismiss for insufficient service of process. Because some of Thaler's alleged actions or omissions occurred while he was employed at BSSN and within the statute of limitations, 14 M.R.S.A. § 752 (2003), the court granted Thaler and BSSN's motion without prejudice. The court also granted Berman & Simmons's motion, both for insufficient service of process and failure to state a claim. The court granted Berman & Simmons's motion with prejudice. It found that at no time within the statute of limitations was Thaler employed at Berman & Simmons. This timely appeal followed." *Brown v. Thaler*, 2005 ME 75 at ¶¶ 6-7.

2

whom it was delivered or directed, or the action is otherwise defeated for any matter of form, or by the death of either party the plaintiff may commence a new action on the same demand within 6 months after determination of the original action...

In order to avoid the statute of limitations under the Maine Savings Statute, the plaintiff has the burden of proving that the first action either failed of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed or that it was defeated for a matter of form. *See Jewett v. Greene,* 8 Me. 447, 450 (1832) (stating, "The statute [of limitations] having been pleaded in bar it is incumbent on the plaintiff to remove the bar.")

At oral argument on this motion, Plaintiff revised his position in opposition to the motion to dismiss. He now no longer claims that the First Action was dismissed for failure of sufficient service or return, which was the position he had taken in his written brief. Plaintiff acknowledged at oral argument that he cannot prove that the failure of service in the First Action was the result of unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed. Plaintiff now claims instead that the First Action was dismissed for a matter of form.

For support of his position that dismissal of the First Action was for a matter of form, Plaintiff cites a First Circuit case, *Rodi v. Southern New England School of Law et al.,* 389 F.3d 5 (1st Cir. 2004). In this case, the First Circuit found,

3

for purposes of applying the Massachusetts Savings Statute,[2] that dismissals for want of personal jurisdiction are appropriately classified as dismissals arising out of matters of form. *Rodi*, 389 F.3d at 18. Plaintiff claims that dismissal in the First Action was likewise for want of personal jurisdiction over Defendants and thus was for a matter of form.

Indeed, the Law Court's opinion in *Brown v. Thaler* (regarding the First Action) mentions that service of process gives the court personal jurisdiction over the defendant. 2005 ME 75 at ¶ 10. However, this does not mean that the First Action was dismissed for want of personal jurisdiction over Defendants. In *Rodi*, the initial action was filed by the plaintiff in New Jersey, and failed because the defendants in that case did not have minimum contacts with the State of New Jersey sufficient for that state to exercise personal jurisdiction over them. 389 F.3d at 18. The plaintiff in *Rodi* complied with all applicable rules of service of process, and the failure of personal jurisdiction in that case was unrelated to his actions. *See id.* Accordingly, the Massachusetts Savings Statute tolled the statute of limitations and allowed the plaintiff to refile his case in Massachusetts within a year after it had been dismissed in New Jersey. *See id.*

By contrast, the First Action was dismissed because Plaintiff failed to effect service pursuant to the court's order. *See Brown v. Thaler* at ¶ 6 (stating, "In its order [on the First Action] the court stated that 'Plaintiff shall be required to effect service pursuant to Rules 4(c)(2) or 4(c)(3).' *The record does not indicate that [Plaintiff] took any steps to properly complete service in accordance with the rules identified by the court.*"(emphasis added.)) Accordingly, *Rodi's* holding is

---

[2] The Massachusetts Savings Statute is worded similarly to the Maine Savings Statute, and includes a provision tolling the statute of limitations for actions "dismissed because of the death of a party or for any matter of form." *See* Mass. G.L. ch. 260, § 32.

4

inapplicable to Plaintiff. The Maine Savings Statute clearly requires that, where the cause of a dismissal is failure of sufficient service or return, the reason for failure must be unavoidable accident, or default or negligence of the officer to whom it was delivered or directed. 14 M.R.S.A. § 855. To interpret dismissal of the First Action as dismissal for a "matter of form" would render this language a nullity and allow any applicant who had culpably failed or refused to follow the applicable rule for service of process to extend the statute of limitations on his claim.

The entry is:

> Defendants' motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

Dated at Portland, Maine this 21st day of July, 2006.

Robert E. Crowley
Justice, Superior Court

)URTS
ounty
37
112-0287

CHRISTOPHER TAINTOR ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

COURTS
d County
< 287
04112-0287

WALLACE BROWN
10 HARDY RD
FALMOUTH ME 04105