Geisel v. Spurwink, CV-09-454 (Superior Ct. Cumberland)     TDW -CUM -3/16/2010

Before the court are motions to dismiss filed by defendants DHHS, Families and Children Together (FACT), Winterport Family Medicine, Sunbury Medical Associates, Spurwink Services, Sweetser Children's Services, and MSAD 22.[1]

Count One of the second amended complaint is directed to defendants Spurwink Services and Sweetser Children's Services and appears to allege professional negligence claims under state law, specifically an alleged breach of a duty to protect plaintiff from harm. Count Two of the second amended complaint is brought against EMMC, Acadia Hospital, Winterport Family Medicine, Eastern Maine Counseling and Testing Services Inc., MSAD 22, FACT, Hampden Police Officer Christian Bailey, and DHHS. Count Two also appears to assert claims of professional negligence based on an alleged failure to protect Geisel from harm. Count Three asserts claims against DHHS, officer Bailey, and MSAD 22 under 42 U.S.C. § 1983.

To the extent that certain of the defendants are seeking dismissal based on a failure to file a return of service within 90 days pursuant to M.R.Civ.P. 3, plaintiff Raymond Geisel has opposed those motions and has alternatively sought an extension of time in which to effect service and file a return of service. However, many of the motions raise alternative grounds for dismissal, and Geisel has not submitted any opposition to the motions to dismiss except as to the issue of timely service.

1. Motion by DHHS: The motion by DHHS is not based on a failure to comply with Rule 3. To the extent that that the complaint asserts claims against DHHS under state law, DHHS points out that Geisel has not complied with the Maine Tort Claims Act and that there is no waiver of immunity under that Act for the claims asserted against DHHS. DHHS also argues that Geisel has failed to state a claim under 42 U.S.C. § 1983, see DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989) (no cause of action under § 1983 to protect a person who is not in state custody from harm), and that DHHS, as an agency of the state, is not a person subject to suit under §1983.

As noted above, Geisel has not filed any opposition to the motion filed by DHHS, and that motion is granted.

2. Motion by Winterport Family Medicine and Sunbury Medical Associates: The second amended complaint lists "Winterport Family Medicine – Sunbury Medical Associates" as a defendant in the caption of the second amended complaint. Only Winterport is mentioned in the text of the second amended complaint, but it appears that Winterport and Sunbury, and it appears that both counsel for Geisel and counsel for Winterport and Sunbury are treating Winterport and Sunbury as a single entity.

In addition to raising a defense pursuant to M.R.Civ.P. 3, Winterport and Sunbury assert that the claim against them is barred by Geisel's failure to follow the requirements of the Health Security Act, which are applicable to any action for

---

[1] On March 8 two other defendants, Eastern Maine Medical Center and Acadia Hospital, also filed a motion to dismiss, but the time in which to oppose that motion has not expired.

professional negligence against any "health care provider" or "health care practitioner." 24 M.R.S. § 2502(6).

The claims in paragraph 8 of the second amended complaint can only be construed as stating a claim of professional negligence against a health care provider. Geisel has not filed any opposition to Winterport and Sunbury's argument that his claim against them is barred for failure to comply with the Health Security Act, and their motion to dismiss is granted on that ground.

3. Motion by MSAD 22: MSAD 22 argues, inter alia, that the complaint fails to allege compliance with the Maine Tort Claims Act and fails to state a claim that could be cognizable under any of the exceptions to sovereign immunity that are set forth in the Maine Tort Claims Act. MSAD 22 also argues that Geisel's § 1983 claims fail to state a cause of action under the DeShaney case and its progeny, that there is no respondeat superior liability under § 1983, and that Geisel has failed to allege any school district policy or practice that could support liability against MSAD 22 even if Geisel's allegations otherwise stated a claim.

Geisel has not offered any opposition to the above arguments, and MSAD 22's motion to dismiss is granted.

4. Motions by FACT, Spurwink, and Sweetser: FACT and Spurwink have filed motions to dismiss based on a failure to comply with M.R.Civ.P 3 and upon an alleged failure to comply with the Health Security Act. Sweetser has filed a motion to dismiss that relies solely on M.R.Civ.P. 3.

Whether the claims against FACT and Spurwink are barred by the Health Security Act is not apparent on the face of the complaint. Spurwink is alleged to have been responsible for educating, counseling, and housing Geisel when Geisel was a child. FACT is alleged to have been responsible for supervising visitation between Geisel and his sisters. As noted above, the Health Security Act applies to actions for "professional negligence" against a "health care provider" or "health care practitioner." 24 M.R.S. § 2502(6). The allegations in the complaint do not necessarily suggest that either Spurwink or FACT fall within the definitions of "health care provider" or "health care practitioner" set forth in 24 M.R.S. §§ 2502(1-A) and 2502(2).

Geisel has not filed any opposition to the arguments by FACT and Spurwink that the Health Security Act applies. If the motions were to be granted on that ground, the court would grant Geisel leave to replead. As a result, the court is required to consider the other argument advanced by FACT and Spurwink – that the complaint should be dismissed against them for failure to comply with Rule 3. Sweetser has also moved for dismissal on that ground.

On that issue the file reflects that this action was commenced on August 14, 2009 by the filing of a complaint. One September 16, 2009, before any service was made or any responsive pleadings were filed, Geisel filed an amended complaint. On November 13, new counsel appeared for Geisel and moved (1) for leave to file a second amended complaint and (2) for a 30 day extension of time in which to serve the defendants. Both those motions were granted on November 24. The order granting an extension of the

2

time in which to complete service specified that service was to be made by December 22, 2009.

The record reflects that counsel for Geisel then served most or all of the defendants, including FACT, Spurwink, and Sweetser, by certified mail. This was not valid service under M.R.Civ.P. 4. It might have constituted valid service on any defendant who returned an acknowledgement of service pursuant to Rule 4(c)(1), but none of the defendants did so.

FACT filed its motion to dismiss on January 10, 2010, and Spurwink and Sweetser filed similar motions on January 25, 2010. In opposing those motions, plaintiff argues that formal service is unnecessary because FACT, Spurwink, and Sweetser have notice of this action and the claims against them. In the alternative, plaintiff seeks a further 30 day extension to effect service.

There are three problems with plaintiff's argument. First, while providing notice of the action is the primary purpose of service and technical defects in service may be overlooked if notice is given, the Law Court has never held that service may be entirely omitted so long as notice is given. See Brown v. Thaler, 2005 ME 75 ¶¶ 9-11, 880 A.2d 1113, 1116. Second, Rule 4(c)(1) is clear that if the summons and complaint are mailed to a defendant but no acknowledgement of service is received within 20 days after mailing, personal service must then be made. As a result, Geisel is not entitled to rely on the mailing of summonses to the defendants. Id.

Finally, as far as the record reflects, plaintiff has not yet made valid service even though (1) considerably more time has passed above and beyond the 30 days that plaintiff requested to effect service when he filed the second amended complaint; (2) to the extent plaintiff is relying on Rule 4(c)(1), he did not seek to effect personal service when the defendants did not acknowledge service by mail; and (3) plaintiff has known since FACT, Spurwink, and Sweetser filed their motions in January that service was contested. The court would not necessarily fault plaintiff for first attempting service by mail after leave to file the second amended complaint was granted and this would be a much closer case if, after attempting service by mail, plaintiff had requested a short extension to effect personal service once the defendants failed to acknowledge service under Rule 4(c)(1). In this case, however, personal service has not been made even though seven months have elapsed since the filing of the complaint, even though almost three months have elapsed since the deadline set by the court to file returns of service in its November 24, 2009 order, and even though plaintiff has been on notice since January that service is contested.[2]

Under these circumstances, the motions by FACT, Spurwink, and Sweetser to dismiss pursuant to M.R.Civ.P.3 are granted. See Brown v. Thaler, 2005 ME 75, 880 A.2d 1113. Pursuant to Fries v. Carpenter, 567 A.2d 437, 438 (Me. 1989), the granting of a motion to dismiss under Rule 3 is without prejudice.

---

[2] As far as the court can tell, instead of promptly seeking to effect service, plaintiff is sitting back to see if his motion for a further extension will be granted.

3

The entry shall be:

The motions to dismiss filed by DHHS, Winterport Family Medicine–Sunbury Medical Associates, and MSAD 22 are granted with prejudice. The motions to dismiss filed by defendants FACT, Spurwink, and Sweetser are granted without prejudice. Plaintiff's motion for a further extension of time in which to effect service is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _____, 2010

Thomas D. Warren
Justice, Superior Court

4

-----------------------------------------------------------------------------

01 0000002924           BENJAMIN, EDWARD R JR
    THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
    F       CHRISTIAN BAILEY                          DEF        RTND    12/23/2009

02 0000003163           BROGAN, JONATHAN
    415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
    F       WINTERPORT FAMILY PRACTICE-DISMISSED       DEF        RTND    01/26/2010

03 0000007907           KNOWLTON, THOMAS A
    6 STATE HOUSE STATION AUGUSTA ME 04333-0006
    F       MAINE DEPART OF HEALTH AND HUMAN SERV-DI    DEF        RTND    01/07/2010

-----------------------------------------------------------------------------

04 0000007084           LUCY, JOHN B
    ONE MERCHANTS PLAZA, SUITE 603 PO BOX 2429 BANGOR ME 04402-2429
    F       FAMILY AND CHILDREN TOGETHER-DISMISSED      DEF        RTND    12/31/2009

05 0000001344           CAMPBELL, ANDREWS B
    919 RIDGE ROAD BOWDOINHAM ME 04008
    F       RAYMOND H GEISEL                           PL         RTND    08/14/2009
                                                                  W/DRWN  03/02/2010

06 0000009251           ROBINSON, RANDY
    PO BOX 8013 PORTLAND ME 04104
    F       RAYMOND H GEISEL                           PL         RTND    11/13/2009