STATE OF MAINE  
CUMBERLAND, ss

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-10-446

JOHN MERRIFIELD,

Plaintiff

v.

ORDER ON DEFENDANT'S  
MOTION TO DISMISS

SALLY DILL,

Defendant

Before the court is defendant Sally Dill's motion to dismiss for insufficient service of process under M.R. Civ. P. 3.[1] For the following reasons, the motion is denied.

The plaintiff alleges that on September 11, 2004, he was riding a bicycle on Broadway in South Portland, Maine when he was struck by the defendant's motor vehicle. (Compl. ¶¶ 4, 10.) On September 7, 2010, almost six years after the accident, the plaintiff filed a complaint with this court. The plaintiff did not serve the defendant with the complaint until December 22, 2010. The plaintiff did not, therefore, properly serve the defendant within ninety days as required by M.R. Civ. P. 3, and he did not seek an extension of time to obtain service within the ninety-day time frame pursuant to M.R. Civ. P. 6(b). The plaintiff filed a return of service with the court on January 3, 2011. The defendant filed the motion to dismiss on January 10, 2011.

In his opposition and the attachments, the plaintiff states that he mailed a copy of the summons and complaint to the defendant on November 29, 2010 and instructed her

---

[1] The suit had been initiated by filing a complaint four days before the statute of limitations expired. See 14 M.R.S. § 752 (2011) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . ."). The filing of the complaint with the court commenced the action for purposes of the statute of limitations. M.R. Civ. P. 3.

1

to sign, date, and return the Acknowledgement of Receipt of Summons and Complaint. She did not sign and return the Acknowledgement. Instead, she notified her insurance company, which acknowledged receipt of the lawsuit by letter dated December 15, 2010. On November 28, 2010, the plaintiff sent a service instruction sheet to the Kennebec Sheriff's Office for service on the defendant.[2] The Sheriff's Office conducted a diligent search because the defendant had moved from Augusta to Hallowell. Service was completed on December 22, 2010.

The defendant served interrogatories and a request for production of documents on plaintiff's counsel on December 20, 2010. The defendant filed an answer on December 21, 2010.

Rule 3 provides that "the return of service shall be filed with the court within 90 days after the filing of the complaint." M.R. Civ. P. 3. "If the . . . return of service is not timely filed, the action may be dismissed on motion and notice . . . ." Id. "In exercising its discretion to decide whether to dismiss the complaint, the court [is] required to consider all the relevant facts. One factor is the amount of delay before service; an excessive or unreasonable delay may require dismissal unless it resulted from mistake or excusable neglect." Maguire Constr., Inc., 2006 ME 112, ¶ 10, 905 A.2d at 817.

In this case, the plaintiff attempted to serve the defendant within the ninety-day period pursuant to M.R. Civ. P. 4(c)(1); the defendant did not return the Acknowledgement. Compare Brown v. Thaler, 2005 ME 75, ¶¶ 5-6, 880 A.2d 1113, 1115. The plaintiff then arranged for service pursuant to M.R. Civ. P. 4(c)(2). Service was completed within two weeks after the ninety-day deadline. The return of service was

---

[2] Service by mail is permissible, but "if the defendant does not acknowledge service within twenty days the plaintiff is required to effect service by another means." Maguire Constr., Inc. v. Forster, 2006 ME 112, ¶ 9, 905 A.2d 813, 816; M.R. Civ. P. 4(c).

2

filed soon thereafter. Any delay in completing service was not excessive or unreasonable.

Contrary to the defendant's argument, the court is not "required to dismiss this case with prejudice." To do so would be unjust based on the circumstances of the case.

The entry is

The Defendant's Motion to Dismiss is DENIED.


Date: February 28, 2011

Nancy Mills
Justice, Superior Court

3

RK OF COURTS
nberland County
ıry Street, Ground Floor
tland, ME 04101

BARRI BLOOM ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

RK OF COURTS
nberland County
ıry Street, Ground Floor
tland, ME 04101

ANDREW BROADDUS ESQ
PO BOX 368
WESTBROOK ME 04092