*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-048

JUNE TERM, 2015

| | |
|---|---|
| Victor Hall | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Michael Vinton | } DOCKET NO. 795-8-14 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the superior court's dismissal of his complaint for conversion for having failed to properly serve the complaint on defendant within the required time. We affirm.

On August 4, 2014, plaintiff filed in superior court a complaint alleging that defendant converted for his own use the test materials and results from a polygraph exam that he conducted on plaintiff in September 2007 in the context of a criminal case against plaintiff. On October 14, 2014, plaintiff filed a motion for default judgment, stating that he had mailed a summons and complaint to defendant at a Vermont post-office-box address, along with a waiver-of-service form, and that after more than thirty days defendant had not answered the complaint but instead indicated that he would not be signing the waiver of service. The superior court denied defendant's motion for default judgment and dismissed the case, ruling that: (1) because defendant had declined to sign a waiver of service, plaintiff would have to proceed to service by sheriff; and (2) because service had not been completed within sixty days of plaintiff filing his complaint, the complaint would be dismissed. See V.R.C.P. 3 ("When an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint."). Plaintiff filed a motion for reconsideration, arguing that defendant's statement that he would not be signing a waiver of service confirmed the service of the summons and complaint upon him. The court denied the motion, stating that a request to waive service is not service.

On appeal, plaintiff argues that the superior court abused its discretion by denying his motion for default judgment and dismissing his suit because he properly served defendant under Vermont Rule of Civil Procedure 4. We disagree. Personal service upon an individual within the State of Vermont may be made only by delivering the summons and complaint to the individual personally, by leaving the complaint at the person's residence under certain circumstances, or by publication under certain circumstances. V.R.C.P. 4(d)(1). Subdivision (e) of Rule 4 deals with "Personal Service Outside the State." Rule 4(f)(1) allows service to "be made by mail upon a person described in subdivision (e)" in certain cases "[w]here service cannot with due diligence be made personally within or outside the state." Under that rule, "[s]uch service shall be by delivery to the defendant <u>outside the state</u> by registered or certified

mail, with restricted delivery and return receipt signed." V.R.C.P. 4(f)(1) (emphasis added). Thus, Rule 4(f), which is based on Maine Rule of Civil Procedure 4(f), deals with "service by mail outside the state." Reporter's Notes, Me. R. C. P. 4 (emphasis added); cf. Brown v. Thaler, 2005 ME 75, ¶ 11 n.2, 880 A.2d 1113 ("Rule 4 permits service by mail only for serving persons outside the State under certain circumstances and for serving persons in divorce actions." (emphasis added)); Me. R. Civ. P. 4(f) (providing that "[w]here service cannot, with due diligence, be made personally within the state, service of the summons and complaint may be made upon a person who is subject to the jurisdiction of the courts of the state by delivery to that person outside the state by registered or certified mail, with restricted delivery and return receipt requested, in" certain cases) (emphasis added).

In short, Rule 4(f) permits service by mail outside the state under certain circumstances. Because plaintiff attempted to serve defendant within the state, service by mail was not an option. Even if plaintiff had attempted to serve defendant outside the state, he did not demonstrate that his case fit within the circumstances described in Rule 4(f)(A). Accordingly, the superior court correctly ruled that plaintiff's service of the complaint was ineffective, and thus dismissal of his complaint was appropriate because he failed to properly serve defendant within sixty days of his filing of the complaint.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2