STATE OF MAINE                                    SUPERIOR COURT
YORK ss.                                          Civil Action
                                                  Docket No. CV-16-0273

STEPHEN MICHAEL [ANGE],          )
                                 )
            Plaintiff             )
                                 )
    v.                           )            ORDER
                                 )
ANDREW BERGGREN,                 )
                                 )
            Defendant.            )

On December 5, 2016, a number of filings were made and accepted by the clerk, denominated as follows:  a "(verified) notice: rules of court;" a "(verified) claim: trespass [false claim];" a (verified) cause of action" and a "(verified) statement of facts," together, with multiple exhibits.   The filings bear the heading, "The Ange Court, York County Superior Court," and name as parties:  "i: man, Stephen Michael: *aggrieved party, prosecutor*" and "Andrew Berggren *respondant* [sic], *wrongdoer.*"   Subsequently, over 90 pages of additional materials have been filed.

The latest filings, made on December 22, 2016 and January 3, 2017, contain documents entitled "notice: mail service", "notice: mail service 2", "notice: mail service 3", and "notice: mail service 4."   These filings do not reflect service of process on the Defendant in this case as authorized by the Maine Rules of Civil Procedure.   *See* M.R. CIV. P. 4.   Plaintiff has not filed a return of service, and the rules require that service be made and a return of service filed with the court within 90 days after filing the complaint.   M.R. Civ. P. 3.   Rule 3 also provides that "[i]f the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice . . . ." *Id.*

1

In his filings, Plaintiff "required" in his "(verified) notice: rules of court" that the "Court Clerk issue process, and summon Andrew Berggren . . . to the case . . . ." The Maine Rules of Civil Procedure do not provide for service of process upon a party by the clerk. *See* M.R. Civ. P. 4.

It is unclear whether Plaintiff, as a self-represented litigant, is familiar with the Maine Rules of Civil Procedure generally or aware of rules governing service of process in particular. His status as a self-represented litigant, however, does not exempt him from compliance with the rules. *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113. There have been no filings made in this matter since January 3, 2017. If Plaintiff intends to proceed, he must make proper service of process upon the Defendant and file a timely return in accordance with the Maine Rules of Civil Procedure. If not, the court intends to dismiss the action.

Accordingly, it is hereby ORDERED that no later than forty-five (45) days from the date this order enters, Plaintiff shall serve Defendant in accordance with M.R. Civ. P. 4 <u>and</u> file the return of service with the court within that time. Failure to do so will be cause for dismissal.

The clerk may incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

**SO ORDERED.**

Dated:   July 26, 2017

Wayne R. Douglas
Justice, Maine Superior Court

Date Order Entered:   7/26/17

2

CV-16-273
PLAINTIFF IS PRO SE:
STEPHEN MICHAEL
C/O 5 OREGON AVENUE #108
OLD ORCHARD BEACH ME  04064

DEFENDANT IS PRO SE:
ANDREW BERGGREN
45 KENNEBUNK ROAD
ALFRED ME  04002