STATE OF MAINE                                  SUPERIOR COURT
YORK, ss.                                       Civil Action
                                                Docket No. AP-16-0037


TIBOR & IBOLYA KORMENDY

                    Plaintiffs,[1]
                                                **ORDER ON PENDING MOTIONS**
        v.                                      **& AMENDED BRIEFING SCHEDULE**

TOWN OF KENNEBUNK,

                    Defendant.

## A. Motions

The court hereby rules on the following pending motions filed by Plaintiffs in this matter.

### 1. Motion to Reconsider

The motion for reconsideration of the June 9, 2017 order that denied Plaintiffs' motion for reimbursement for extra costs of service of process is DENIED. It is premature to request and/or award any costs at this time.

### 2. Motion to Amend Pleadings

Plaintiffs have moved to amend the pleadings. The Town of Kennebunk's opposition asserts that the subject matter of the proposed amendment(s) relate to two separate and distinct administrative board decisions, one on January 31, 2017 and the

---

[1] The initial complaint in this matter names Tibor and Ibolya Kormendy as plaintiffs. All subsequent pleadings have been styled as "Tibor Kormendy, et al." All pleadings bear only Tibor Kormendy's signature. Unless licensed as an attorney at law, Tibor Kormendy is prohibited from practicing law by representing another individual before the court. *See* 4 M.R.S. § 807. If Ibolya Kormendy intends to remain a party to this action, she may represent herself, in which case she shall sign all pleadings going forward, or she may retain counsel to represent her.

1

other on April 4, 2017; and to the extent that the amended complaint purports to appeal either of the two decisions, it is untimely.

Because amendments should be freely granted, and because it is difficult to determine from the motion itself whether the "subsequent actions" referenced pertain to the instant administrative action on appeal or other, separate actions, the motion to amend is GRANTED. These issues will be sorted out in the briefing and argument of this appeal. The court deems the representations set forth in the motion to constitute the amended complaint, and waives the necessity for the Town to file a responsive pleading. Plaintiffs shall submit an amended brief and supplemental record as set forth below.

### 3. Motion for Writ or Injunction

Plaintiffs' motion for writ or injunction asserts that members of the Board of Assessment Review are acting in violation of their legal duties and that the Board's procedural rules are deficient. The motion seeks to enjoin the Board and its members from undertaking any action with regard to Plaintiffs and to enjoin the Town of Kennebunk from using, applying or enforcing the Board's procedural rules. It appears that the motion raises issues already before the court in the complaint, as amended. The court will consider these issues in the context of the instant Rule 80B appeal. The motion is DENIED.

### 4. Motion to Vacate

This motion requests an order vacating a 2013 tax increase as well as consequential tax increases based thereon in subsequent years, and seeks a refund of said increases as well as costs incurred in bringing the motion. Again, to the extent the motion addresses issues that overlap with the instant Rule 80B appeal, the court will

address them in that context. If the motion otherwise purports to raise issues arising out of prior administrative actions, it is untimely. The motion is DENIED.

### 5. Motion for Trial on the Facts

Along with the complaint, Plaintiffs filed a motion for trial on the facts pursuant to Rule 80B(d). The rule requires that along with such a motion the moving party "shall also file a detailed statement, in the nature of a an offer of proof" that "shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent." M.R. Civ. P. 80B(d). No such "detailed statement" was filed with the motion. The motion for trial on the facts is therefore DENIED. *Adelman v. Town of Baldwin,* 2000 ME 91 ¶ 6, n.5; *Ryan v. Camden,* 582 A.2d 973, 974 (Me. 1990).

## B. Amended Briefing Schedule

The briefing schedule in this case is amended as follows:

### 1. Plaintiffs' Filed Brief/Record

If he has not already done so, Plaintiffs shall serve Defendant with a copy of the brief and record already filed with the court no later than **40 days from the date of this order.**

### 2. Plaintiffs' Amended Brief/Supplemental Record

Plaintiffs shall file and serve an amended brief by that same deadline, *i.e.* **no later than 40 days from the date of this order.** Plaintiffs shall also supplement the record with respect to issues presented by way of the amended complaint, and shall submit a complete copy of the record of the proceedings, as supplemented, on **or before the foregoing date (*i.e.* no later than 40 days from the date of this order),** with a copy to Defendant.

3

### 3. Defendant's Brief

Defendant's brief shall be filed **30 days after service of Plaintiffs' amended brief.**

### 4. Reply Brief

Plaintiffs have **14 days after service of Defendant's brief** to file a reply brief.

A timely motion under the Maine Rules of Civil Procedure may suspend the running of these time limits. **FAILURE OF PLAINTIFFS TO COMPLY WITH THESE REQUIREMENTS WILL RESULT IN DISMISSAL OF THIS APPEAL. FAILURE OF DEFENDANT TO COMPLY WITH THESE REQUIREMENTS MAY FORFEIT THE RIGHT TO BE HEARD AT ORAL ARGUMENT.**

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED.**

Dated: July 5, 2017

Wayne R. Douglas
Justice, Maine Superior Court

AP-16-037
<u>PLAINTIFFS PRO SE</u>
TIBOR & IBOLYA KORMENDY
17 TIDEVIEW TERRACE
KENNEBUNK ME  04043

<u>ATTORNEY FOR DEFENDANT:</u>
SALLY J DAGGETT
JENSEN BAIRD GARDNER & HENRY
PP O BOX 4510
PORTLAND ME  04112

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-16-0037

TIBOR KORMENDY,

        Petitioner,

v.

**ORDER**

TOWN OF KENNEBUNK,

        Respondent.

Petitioner Tibor Kormendy filed this Rule 80B complaint on October 13, 2016, in connection with his request to the Town of Kennebunk Board of Assessment Review ("Board") for tax abatement. The complaint asserts that the Board failed to hear his appeal from the denial of an abatement of his 2013 taxes, and also alleges violations of due process and equal protection rights, requests a trial, and seeks refunds for the years 2013 through 2016.

On November 18, 2016 Petitioner filed a motion for service by alternate means pursuant to M.R. Civ. P. 4(g), which authorizes service by other means "upon a showing that service cannot with due diligence be made by another prescribed method." Petitioner's motion stated that service of the complaint was "made onto all Defendants, with full compliance with Rule 4(c)(1)" and that "Defendants had failed to return the notice and acknowledgement form within the allowed 20 day time window, ad the time window expired on November 9, 2016." Pl.'s Mot. for Serv. By Alt. Means, ¶¶ 2, 3.

The court did not act upon the motion for alternate service until January 19, 2017. The motion was denied because it did not appear that Petitioner had attempted service under Rule 4(c)(2) and therefore had not demonstrated that "service cannot be made by

1

another prescribed method," namely service by "a sheriff or deputy within the sheriff's county, or other person authorized by law, or by someone specially appointed by the court for that purpose."   M.R. Civ. P. 4(c)(2).

On January 30, 2017, Petitioner filed an "Affidavit of 'Personal Service' in support of Rule 4(h) 'Return of Service,'" stating, among other things:

> "I have **Personally Served** five (5) enveloped packets, each containing true copies of the Complaint and its own attachment, . . . addressed separately and individually, one for each Defendant, who are all either persons, or officers, or agents, or employees, etc. having a usual official address at the Town Hall of Kennebunk, and Defendant Town of Kennebunk itself, and such personal service was made by me hand delivering said (5) packets to the Office of the Clerk of the Town of Kennebunk at the Kennebunk Town Hall, and handing the said (5) packets directly over to the Deputy Clerk on duty at the Office front counter, and said Deputy Clerk received the packages and signed the receipt for taking such delivery, and a true copy of said signed receipt of or about **Oct. 20, 2016,** endorsed by me as service provider, is attached hereto, and made part of this AFFIDAVIT, together to be returned to the Court, in **compliance with the requirements of the Rule 4(h) 'Return of Service.'"**

Pl.'s Rule 4(h) "Return of Service" (emphasis in original).   The attempted service described above does not comply with M.R. Civ. P. 4.   Petitioner may not act as "service provider"—that is, personally effect service upon the opposing party or its agents—without specific authorization or appointment; nor is this method otherwise permitted by rule or statute.   M.R. Civ. P. 4(c)(2), (3).

The date for filing a return of service under M.R. Civ. P. 3 was on or about January 13, 2017, which was approximately 90 days from the filing of the complaint on October 13, 2016.   Because of its delay in acting on Petitioner's motion for service by alternate means (about 60 days), the court is extending *sua sponte* the date for filing a return of service in this matter for an additional 60 days from the date this order is entered on the docket.   Petitioner is cautioned, however, that his status as a self-represented litigant does not exempt him from compliance with the rules, including the

2

rules of service. *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113. Failure to comply with the extended Rule 3 deadline may result in a dismissal of this action.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated:    April 11, 2017

Wayne R. Douglas
Justice, Maine Superior Court

Date Entered on Docket: 4/14/17

3

AP-16-37

PLAINTIFFS PRO SE:
TIBOR KOMENDY
IBOLYA KOMENDY
17 TIDEVIEW TER
KENNEBUNK ME  04043

DEFENDANTS PRO SE:
TOWN OF KENNEBUNK
1 SUMMER STREET
KENNEBUNK ME  04043