STATE OF MAINE  
YORK, ss.

SUPERIOR COURT  
Civil Action  
DOCKET NO. CV-15-0047  
NO. CV-15-0048

MICHAEL BARBEE,                                    )
                                                   )
and                                                )
                                                   )
CLAUDIA KLOSS,                                     )
                                                   )
            Plaintiffs,                            )
                                                   )        **ORDER ON PLAINTIFFS'**
      v.              (CV-15-47)                    )        **MOTIONS TO DISMISS**
                                                   )
SHEILA ROSENFELD,                                  )
                                                   )
and                                                )
                                                   )
SUSAN McCARTHY,                                    )
                                                   )
            Defendants.                             )
                                                   )
_____                    )
                                                   )
JACK BERNSTEIN,                                    )
                                                   )
            Plaintiff,                              )
                                                   )
      v.              (CV-15-48)                    )
                                                   )
SUSAN McCARTHY,                                    )
                                                   )
            Defendant.                              )

## I.     BACKGROUND

This case involves two consolidated cases with related parties and underlying subject matter. CV-15-47 arises out of a property dispute between plaintiffs Michael Barbee and Claudia Kloss and defendants Sheila Rosenfeld and Susan McCarthy (the "Barbee-Kloss Suit"). In their Complaint, Barbee and Kloss allege that the defendants resided at Plaintiffs' property located at

1

2098 State Road in Eliot, Maine without providing rent or any other form of compensation for the period from August 1, 2014 through December 31, 2014. (Barbee-Kloss Am. Compl. ¶¶ 2-6.) They further allege that defendants remained on the property beyond the expiration of their arrangement and intended to remain on the property indefinitely. (Barbee-Kloss Am. Compl. ¶ 9.) The Complaint states claims for Breach of Contract; Quantum Meruit; Unjust Enrichment; Slander of Title; and Abuse of Process.

CV-15-48 arises out of a contract dispute between plaintiff Jack Bernstein and defendant McCarthy (the "Bernstein Suit"). Bernstein alleges that he agreed to pay McCarthy's legal fees in an unrelated matter and that McCarthy failed to reimburse him for his payments. (Bernstein Compl. ¶¶ 4-11.) The Complaint states claims for Breach of Contract; Quantum Meruit; and Unjust Enrichment.

Both Complaints were filed on March 9, 2015. (Pls.' Mot. Dismiss ¶ 1.) On April 2, 2015, the court issued a Scheduling Order in the Barbee-Kloss Suit, which provided a four-month period for the joinder of parties and amendment of pleadings. (Pls.' Mot. Dismiss ¶ 2.)

On June 16, 2015, defendants filed their answer to the Barbee-Kloss Suit and concurrently brought a Counterclaim, which included the filing of a Lis Pendens. (Pls.' Mot. Dismiss ¶ 3.) The Counterclaim asserts:

> 8. Defendants purchased all of Jack Bernstein's interest in the home at 2098 State Road in Eliot. (See Exhibit C-1 and C2.)
>
> 9. Defendants have paid $196,878.00 for the property during their occupancy, and in addition to maintaining, repairing and insuring the property, and paying $20,000.00 for the down payment.
>
> 10. Defendants have relied on the representation of the Plaintiffs (and his business partner and their brother/son[, Jack Bernstein]) that upon full payment of the obligation, they would own the home.

2

11. Plaintiffs that have been unjustly enriched, having received all of the proceeds of Defendants' payments while denying that Defendants should have any equity or continuing occupancy of their home.

(Defs.' Ans. ¶¶ 8-11.) Barbee and Kloss filed an Amended Complaint on July 2, 2015. (Pls.' Mot. Dismiss ¶ 3.)

On December 28, 2015, defendants filed a Third-Party Complaint against Jack Bernstein in the Barbe-Kloss Suit.[1] The Third-Party Complaint asserts that Jack Bernstein had entered into an agreement with the defendants for the defendants to make payments to Bernstein, who would in turn make payments to Barbee and Kloss towards the purchase of the property. (Third-Party Compl. ¶¶ 8-10.) Thus, defendants allege, "[to] the extent that the underlying Complaint between the Plaintiffs and Defendants results in a situation in which the Defendants do not own the subject real estate, the Third-Party Plaintiffs have paid in excess of $100,000.00 to the Third-Party Defendant as a result of his scheme to defraud them of this money and property." (Third-Party Compl. ¶ 14.) The Third-Party Complaint then outlines claims for Fraud (Count I); Breach of Fiduciary Duty (Count II); Declaratory Judgment (Count III); Conversion (Count IV); Unjust Enrichment (Count V); and Breach of Contract (Count VI). (Third-Party Compl. ¶¶ 16-46.)

Defendants requested that his counsel, who also represents the plaintiffs, accept service on Bernstein's behalf. Service, however, was never completed. Neither the Third-Party Complaint nor the Counterclaim was filed in the Bernstein Suit at any point.

After receiving several motions, the court issued an Order on September 26, 2016, consolidating the Barbee-Kloss Suit and CV-15-48 (the "Bernstein Suit"), permitting an additional 90 days of discovery, and compelling mediation. On December 5, 2016, Bernstein's attorney advised defendants' attorney that he would accept service on Bernstein's behalf.

---

[1] Bernstein also filed a complaint against defendant McCarthy in this court, Docket No. CV-15-48. Concurrently with the present motion, Bernstein filed a motion to dismiss his claims in that case, contingent on dismissal of this action.

3

Defendants' counsel claims that he sent a copy of the Third-Party Complaint to Bernstein's attorney on December 23, 2016. However, Bernstein's attorney claims that he did not receive, and to this day has not received, a copy of the pleading.

On May 23, 2017, Bernstein's attorney again attempted to contact defendants' attorney about service but received no response. To date, plaintiffs and Bernstein claim that no attempt has been made to effectuate service on Bernstein.

Although the cases have been pending since 2015, on September 1, 2017, plaintiffs filed motions to dismiss seeking to voluntarily dismiss their own Complaints contingent on the dismissal of defendants' counterclaim for the failure to join a necessary party (Mr. Bernstein) and the Third-Party Complaint for the failure to properly serve Bernstein. Defendants opposed the motions and requested attorney's fees incurred in the actions.

## II. DISCUSSION

### a. Failure to Join Necessary Party to Counterclaim

Under Rule 12(b)(7) of the Maine Rules of Civil Procedure, a party may move to dismiss a claim due to the failure to join a party as required by Rule 19.[2] M.R. Civ. P. 12(b)(7). Rule 19 provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

---

[2] Plaintiffs seek relief for the failure to join a necessary party under M.R. Civ. P. 3.1(3). (Pls.' Mot. Dismiss ¶ 15.) To the court's knowledge, this in an incorrect citation. The court will analyze plaintiffs' motion under Rule 19.

4

M.R. Civ. P. 19(a). Additionally, Rule 13, which governs counterclaims, provides, "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." M.R. Civ. P. 13(h).

Defendants' Counterclaim specifically alleges that they received Bernstein's interest in the disputed property, that they paid him significant sums of money, and that they did so in reliance on his representations. (Defs.' Ans. ¶¶ 8-11.) Given these allegations, it is clear that Bernstein has an interest in the litigation due to his interest in the property. Additionally, his lack of inclusion in the Counterclaim would impede his ability to protect that interest. Further, without Bernstein's involvement, it is apparent that complete relief could not be afforded among the parties. For these reasons, Bernstein was a necessary party to the Counterclaim and the Counterclaim is dismissed for the failure to join him in the pleading.

### b. Insufficient Service of Third Party Complaint

The Third-Party Complaint filed with the court also does not prevent dismissal. Third party practice is governed by Rule 14 of the Maine Rules of Civil Procedure. This Rule provides, "At any time after commencement of the action a defendant as a third-party plaintiff may cause to be served a summons and complaint upon a person not a party to the action who is or may be liable to such third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." M.R. Civ. P. 14(a)[3].

To properly join a party, service must be made in accordance with Rule 4. Proper service of process serves the dual purposes of (1) giving the party served notice of an action; and (2) giving

---

[3] Although styled a "Third-Party Complaint", the pleading does not articulate why Third-Party Defendant Bernstein should be liable to Barbee and Kloss. Instead, the Third-Part Complaint states direct claims against Bernstein, asserting that he is liable to the Third-Party Plaintiffs for their own damages. Thus, the pleading is more akin to a counterclaim or cross-claim, not a traditional third-party complaint.

5

the court personal jurisdiction over the party. *Brown v. Thaler*, 2005 ME 75, ¶ 10, 880 A.2d 1113 (citations omitted).

To effectuate service by any means allowed by the Rule, a party must file a Return of Service with the court in conformance with Rule 4(h).[4] If a defendant does not acknowledge service and no acknowledgement form is returned to the court, no service occurs when a plaintiff mails a defendant a copy of the summons and complaint. *Brown*, 2005 ME 75, ¶ 11, 880 A.2d 1113.

Maine courts treat the acknowledgement of service as the "key event marking effective service of process[, which] ensures the integrity of the commencement of litigation." *Id.* ¶ 12 (citation omitted). The acknowledgement establishes a clear date of service and protects parties from false representations of when and how service occurred. *Id.* (citation omitted).

No acknowledgement of service of the Third-Party Complaint was ever filed with the court. Although the parties dispute whether service was ever actually provided, this dispute is immaterial without this "key event." Because defendants did not comply with Rule 4, their Third-Party Complaint is dismissed for insufficient service of process.

### c. Plaintiffs' Complaints

Because this court dismisses defendants' Counterclaim and Third-Party Complaint, the court likewise grants plaintiffs' motion to voluntarily dismiss their own Complaints.

---

[4] "The person serving the process shall make proof of service thereof on the original process or a paper attached thereto for that purpose, and shall forthwith return it to the plaintiff's attorney. *The plaintiff's attorney shall, within the time during which the person served must respond to the process, file the proof of service with the court.* If service is made under paragraph (c)(1) of this rule, return shall be made by the plaintiff's attorney filing with the court the acknowledgment received pursuant to that paragraph. *The attorney's filing of such proof of service with the court shall constitute a representation by the attorney, subject to the obligations of Rule 11, that the copy of the complaint mailed to the person served or delivered to the officer for service was a true copy.* If service is made by a person other than a sheriff or the sheriff's deputy or another person authorized by law, that person shall make proof thereof by affidavit. The officer or other person serving the process shall endorse the date of service upon the copy left with the defendant or other person. Failure to endorse the date of service shall not affect the validity of service." M.R. Civ. P. 4(h) (emphasis added).

## III.  CONCLUSION

For the foregoing reasons, plaintiffs' motions to dismiss are granted. Both CV-15-47, including the accompanying Counterclaim and Third-Party Complaint, and CV-15-48 are dismissed without prejudice. Because defendants were not prevailing parties, their request for attorney's fees is denied.

The clerk shall make the following entry on the docket:

Plaintiff Jack Bernstein's motion to dismiss is hereby GRANTED. CV-15-48 is dismissed without prejudice.
Plaintiffs Michael Barbee and Claudia Kloss' motion to dismiss is hereby GRANTED. CV-15-47, including defendants' Third-Party Complaint and Counterclaim, is dismissed without prejudice. Defendants' request for attorney's fees is hereby DENIED.

SO ORDERED.

DATE: May 18, 2018

ENTERED ON THE DOCKET ON: 5/18/18

John O'Neil, Jr.
Justice, Superior Court

7