STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         Civil Action
                                                  Docket No. CV-18-0225

PETER P. TRUMAN,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )              ORDER
                                    )
                                    )
KENNETH NADEAU,                     )
                                    )
            Defendant.              )

Two matters are pending before the court—plaintiff's motion to "mandate the defendant to fully pay the mediation fee;" and defendant's motion for a more definite statement.

Plaintiff's motion is dismissed as premature. The court has reserved ruling on plaintiff's request to waive his mediation fee and jury fee. Defendant has yet to file an answer; and a scheduling order mandating mediation has not yet issued. Plaintiff may re-file such a request at the appropriate time.

Defendant's motion is denied. Rule 12(e) provides that if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the court may order a plaintiff to file a new pleading. M.R. Civ. P. 12(e). The complaint is unorthodox, densely worded, and not particularly easy to read. It is not a "short and plain statement of the claim" with "simple" and "concise" averments. *See* M.R. Civ. P. 8(a), (e). Notwithstanding, it does not suffer from being "vague or ambiguous." It sets out (in copious detail) a single, clearly identifiable tort claim (assault/battery), the specific injuries alleged, and a prayer for relief sought. In the circumstances, the court will permit the complaint to stand and will accept from defendant an answer asserting, at a minimum, a blanket denial. If the complaint is

1

intended to assert any other cause(s) of action beyond the single tort claim referenced, plaintiff must take steps to amend the complaint pursuant M.R. Civ. P. 15.

Plaintiff's filings, including the motion and compliant, do not comply with the Maine Rules of Civil Procedure. *See, e.g.,* M.R. Civ. P. 5(i) (filings "shall be typed, double-spaced or printed"); M.R. Civ. P. 7(b)(1)(A) (motions shall include the prescribed 21-day notice); M.R. Civ. P. 11(a) (party not represented by an attorney "shall sign the party's pleading or motion and state the party's address, including email address.") The fact that plaintiff is self-represented does not excuse him from complying with the rules. *See Brown v. Thaler,* 2005 ME 75, ¶ 9, 880 A.2d 1113; *Uotinen v. Hall,* 636 A.2d 991, 992 (Me. 1994). Going forward, compliance is required.

The clerk may enter this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: March 13, 2019

Wayne R. Douglas
Justice, Superior Court

Entered on the Docket on: 3|13|19
Copies sent to the following parties/counsel on: 3|13|19
Atty Gaines
Peter Truman

2