1999 ME 59

**Robyn M. RAYMOND et al.**

v.

**John F. LYDEN et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 12, 1999.

Decided April 21, 1999.

David Marchese, Portland, for the plaintiffs.

Ralph W. Brown, Portland, for the defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] John and Iola Lyden appeal from the judgment entered in the Superior Court (Cumberland County, *Mills, J.*) on the plaintiffs'[1] action for trespass pursuant to 14 M.R.S.A. § 7551–B (Supp.1998).[2] In addition, the Lydens appeal from the judgments dismissing their counterclaim for slander of title, granting the plaintiffs' motion to retain the case on the docket, and awarding counsel fees. We affirm each judgment.

[¶ 2] As owners of property lots in the Highland Lake Beaches subdivision in Windham, each party owns in common Beach Road, an unimproved way leading from Cottage Road to Highland Lake beach. The Lydens live on the property abutting the northerly side of Beach Road, and the Yattaws lived[3] on the property abutting the southerly side.

[¶ 3] In August 1994, the plaintiffs filed a complaint pursuant to 14 M.R.S.A. §§ 7551–7561 (1980 & Supp.1994) alleging that the Lydens and the Yattaws had trespassed on Beach Road by, among other things, constructing a fence within and down the length of the road.[4] The Lydens responded by claiming the land in dispute by adverse possession and alleging that the plaintiffs had slandered the title to this property by filing the complaint for trespass. The court dismissed the slander of title claim.[5]

1. The plaintiffs are Robyn M. and Dale H. Raymond, Kurt A. Kimball, and D. Scott Forbes.

2. Title 14 M.R.S.A. § 7551–B was enacted by P.L.1995, ch. 585, § 1, which became effective on July 4, 1996. When the plaintiffs brought this action in August 1994, section 7551–B was not in effect and trespass damages were governed by 14 M.R.S.A. § 7552 (Supp.1994). "The law of damages is a matter of substance which is fixed when the cause of action accrues." *Howe v. Natale,* 451 A.2d 1198, 1201 (Me.1982). Because the plaintiffs "commenced their suit prior to the enactment of [section 7551–B] and the Legislature did not expressly make the new provision apply retroactively," the language of section 7552 would normally control this case. *See Colquhoun v. Webber,* 684 A.2d 405, 412 n. 1 (Me. 1996). However, neither party objected to the award on this basis, and therefore, both have "waived their right to review on this issue." *See Howe,* 451 A.2d at 1201 (Me.1982).

3. The Yattaws sold their property in 1994.

4. The Yattaws never responded to the complaint, but settled with the plaintiffs.

5. The court also dismissed the claim for adverse possession for failing to join the record owners of the disputed property. The Lydens did not appeal this decision.

[¶ 4] After more than two years passed with no activity on the docket, the court notified the plaintiffs that if they did not file a motion to retain the case on the docket, the court would dismiss their case pursuant to M.R. Civ. P. 41(b). The plaintiffs filed the motion, and the court added the case to the trial list.

[¶ 5] After a bench trial, the court found that the Lydens had "intentionally entered and damaged the Beach Road," ordered the Lydens to remove "all encroachments on the northerly side of the Beach Road," and awarded plaintiffs $7200 in damages and $4000 in attorney fees.

[¶ 6] The Lydens contend that the court erred in dismissing their counterclaim for slander of title.[6] A party to a private litigation is privileged to publish slanderous material concerning the title of another "in the institution of . . . a judicial proceeding in which he participates, if the matter has some relation to the proceeding." *See* RESTATE- MENT (SECOND) OF TORTS §§ 635, 587 (1977).[7] The privilege is absolute and "protects a party to a private litigation . . . from liability . . . irrespective of his purpose in publishing the defamatory matter, of his belief in its truth or even his knowledge of its falsity." *Id.* § 587 cmt. a.

[¶ 7] Given that the only source of slander alleged by the Lydens is the com- plaint instituting this action, the court did not err in dismissing the Lydens' claim for slan- der of title. *Cf. Vogt v. Churchill,* 1997 ME 5, ¶ 1, 687 A.2d 961, 961 (defendants in action for defamation entitled to absolute privilege for statements made in course of judicial proceedings).

[¶ 8] Next, the Lydens contend that the court erred in not dismissing the plaintiffs' action for want of prosecution. When a plaintiff has failed to prosecute an action for more than two years, M.R. Civ. P. 41(b)[8] mandates that the court dismiss the action absent "a showing by the delinquent plaintiff of 'good cause to the contrary.'" *Burleigh v. Weeks,* 425 A.2d 623, 624 (Me.1981) (quoting M.R. Civ. P. 41(b)).

[¶ 9] The term "good cause" is a "highly relative concept which lacks fixed and definite meaning, and the application of it requires the court to evaluate the circum- stances of each individual case and then to make its determination by exercising a sound discretion." *West Point–Pepperell, Inc. v. State Tax Assessor,* 1997 ME 58, ¶ 7, 691 A.2d 1211, 1213 (quoting *Emerson v. A.E. Hotels, Inc.,* 403 A.2d 1192, 1193 n. 2 (Me. 1979)). There is nothing in the record to indicate that the court abused its discretion when deciding not to dismiss the plaintiffs' claim.

[¶ 10] The Lydens also argue that the court erred in awarding attorney fees to the plaintiffs. The court may award to a land owner who prevails in an action for trespass "[r]easonable attorney's fees for preparing the claim and bringing the court action . . . plus costs." 14 M.R.S.A. § 7551–B(3)(C). We review the determination of a reasonable

---

6. The tort of slander of title is also commonly known as "injurious falsehood." *See* W. PAGE KEETON, PROSSER AND KEETON ON TORTS § 128, at 964 (5th ed.1984). The elements of the tort are (1) a publication of a slanderous statement disparag- ing claimant's title; (2) that was false; (3) made with malice or with reckless disregard of its falsity; and (4) that caused actual or special damages. *See Colquhoun v. Webber,* 684 A.2d 405, 409 (Me.1996).

7. Restatement (Second) of Torts § 635 provides that

[t]he rules on absolute privilege to publish de- famatory matter . . . apply to the publication of an injurious falsehood.
Restatement (Second) of Torts § 587 provides that

[a] party to a private litigation or a private prosecutor or defendant in a criminal pros- ecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a ju- dicial proceeding in which he participates, if the matter has some relation to the pro- ceeding.

8. M.R. Civ. P. 41(b)(1) provides that

[t]he court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plain- tiff other than a motion for continuance.

fee for abuse of discretion. *See Poussard v. Commercial Credit Plan, Inc. of Lewiston,* 479 A.2d 881, 884 (Me.1984).

[¶ 11] Plaintiffs' counsel filed an affidavit stating the hourly rate charged, the total amount billed to his clients, the services performed, and that the rate was reasonable for an attorney in the community with similar experience performing similar work. Faced with this affidavit, the court did not exceed the bounds of its discretion in its determination of a reasonable fee. *Cf. Hebert v. Hebert,* 475 A.2d 422, 426 (Me.1984).

[¶ 12] Finally, contrary to the Lydens' contention, there was ample evidence, expert and otherwise, to support the court's conclusion that the Lydens had intentionally trespassed by building a fence within and down the length of Beach Road.

The entry is:

Judgments affirmed.

