1999 ME 116

**Elieca TAYLOR et al.**

v.

**Richard KENNEDY**

Supreme Judicial Court of Maine.

Submitted on Briefs June 29, 1999.

Decided July 22, 1999.

G. Charles Shumway, Portland, for plaintiffs.

Richard Kennedy, Russell, MA, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Richard Kennedy, personal representative of the estate of Clarence Kennedy, appeals from judgments entered, after remand, in the Superior Court (York County, *Cole, J.*) awarding attorney fees to the plaintiffs and awarding Elieca Taylor additional unpaid wages pursuant to 26 M.R.S.A. § 626 (Supp.1998). On appeal, Kennedy argues that the plaintiffs failed to provide notice of their claim pursuant to the Probate Code, 18–A M.R.S.A. § 3–804 (1998), and that the court erred in its award of attorney fees and in its calculation of wages due to Taylor for an additional four days work. We affirm but

modify the award of unpaid wages as a result of a calculation error.

[¶ 2] The history of the case is stated in *Taylor v. Kennedy*, 1998 ME 234, 719 A.2d 525 (*Taylor I*). In *Taylor I*, we remanded for, *inter alia*, reexamination of the amount of plaintiffs' attorney fees and consideration of Taylor's contention that she had worked an additional four days for which compensation had not been awarded. After a hearing, the trial court awarded plaintiffs an additional $19,251 in attorney fees and $519.22 in disbursements. The court later issued an order determining that Taylor had worked an additional four days for which she was entitled to compensation of $537.60. This calculation was based on ⅘ of Taylor's weekly wage of $672.00. Kennedy appealed from each of the orders. The appeals were consolidated for determination by this Court.

■ [¶ 3] The record does not indicate that Kennedy raised the issue of proper notice under the Probate Code either before the Superior Court or before this Court in *Taylor I*. Therefore, the issue is not preserved for this appeal which is limited to the issues which *Taylor I* indicated should be reviewed on remand.[1]

■ [¶ 4] Pursuant to 26 M.R.S.A. § 626, a judgment in favor of the employee must include costs of suit, including reasonable attorney fees. We review the de-

termination of a reasonable fee for abuse of discretion. *Raymond v. Lyden*, 1999 ME 59, ¶ 10, 728 A.2d 124, 126–27. No abuse of discretion is demonstrated here.

[¶ 5] At the original trial, Taylor testified that she worked a seven day work week with hours that varied but with a flat weekly salary of $672. Considering that evidence, Taylor's daily rate of compensation for the four additional days should be calculated at a rate of ⅐ of her weekly salary and not ⅘ of her weekly salary. As such, the additional unpaid wages for the four days, upon which the treble damages calculation would be based, would be $384. This difference, from the original award, would reduce the total award by $460.80. The judgment will be modified accordingly.

[¶ 6] The other issues raised in this appeal do not merit discussion.

The entry is:

Judgment amended to subtract $460.80 from the total award for unpaid wages plus treble damages. As modified, the judgment is affirmed.

---

1. The notice argument appears without merit, in any event. Under the Probate Code, a creditor may preserve a claim against a decedent's estate by commencing a court proceeding against the decedent, while he was alive, or against the personal representative within the time limit for presenting a claim. 18–A M.R.S.A. § 3–804(1) & (2). Here, there is no question that the original action, commenced while Clarence Kennedy was alive, constituted such a preservation of claim.