orSTATE OF MAINE

KENNEBEC, ss.

PENNY A. DALL and
DARRELL J. DALL,

      Plaintiffs

v.

RENE J. BROCHU, SR.,

      Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-01-05
*SKS - KEN - 4/5/2002*

MEMORANDUM OF
DECISION AND
JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

This matter came on before the court for hearing on the plaintiffs' five-count complaint generally seeking a declaration of the boundary line between property of the parties and a variety of damages and costs as a result of the defendant's alleged trespass. Hearing was held with the plaintiffs represented by counsel and the defendant appearing pro se. The court has fully considered all of the testimonial and other evidence presented.

### Facts

The Dalls and Mr. Brochu own adjoining real property on the north side of Eastern Avenue in Augusta. The boundary dispute between the neighbors arose when the defendant began filling and seeding a portion of the property which the plaintiffs considered to be theirs. The plaintiffs hired a professional land surveyor, Kreston Gaither, first to do a mortgage loan survey and subsequently to conduct a standard boundary survey of the property. The results of Mr. Gaither's survey are set forth in his survey and report dated August 22, 2000 (plaintiffs' exhibit 7). The

1

defendant also hired a surveyor, Robert Clunie, Jr., to review the situation. Clunie visited the site but did no surveying or field work. The work Clunie performed was limited to reviewing the deeds, plans and files and the Gaither survey, and then proposing where he believes the boundary should be, as set forth in his report dated April 10, 2001 (defendant's exhibit 5). As between the testimony and reports of these two experts, the court found the work of Mr. Gaither to be more credible and persuasive.

The confusion concerning the boundary is likely a result of various deeds which contain calls to a road alternatively called "the old Thomaston Road," "the State Road leading from Augusta to Togus," and "the Augusta-Togus highway." The use of different names for the road is compounded by the fact that the physical location of the road was moved at some point during the chain of title, raising questions as to which road locations the various names referred. The result of this combination of factors is to create a latent ambiguity in the deeds.

### Discussion

Having found a latent ambiguity in the deeds, the court is required to apply standard rules of construction to resolve the question of ascertaining the boundaries of the property from the deed. *Wallingford v. Kennedy,* 2000 ME 112, ¶ 15, 753 A.2d 493, 497. In other words, boundaries are controlled in descending order of priority by monuments, courses, distances and quantity. *Id.* at ¶ 18. Certain deeds in the chain of title call for iron pipes as monuments, but the court believes the testimony of Mr. Gaither -- who did the field work -- that those monuments cannot now be found.

2

The Gaither survey result would honor the course calls of three right angle corners and distance calls, including one for 137 feet. The Clunie alternative is based upon a pipe in the ground which he has never seen and which appears to be completely out of place for being one of the monuments in the deed. The result is Clunie's suggested boundary which appears to frustrate the intention of the original grantors and grantees. The court will enter a declaratory judgment for the plaintiffs consistent with the Gaither survey.

In addition to a declaration of the boundary and the plaintiffs' rights, the plaintiffs also seek damages for trespass and injury to forest products. Before addressing the measure of damages, it is necessary to consider which statute to apply. The current statutes governing this area are 14 M.R.S.A. §§ 7551-B and 7552, both of which owe their present form to enactments of the Legislature effective on July 4, 1996 (P.L. 1995, ch. 585). However, the testimony indicates that the cutting of one tree and the placement of earth fill by the defendant on what the court finds to be the plaintiffs' property occurred in 1987. Since the law of damages is fixed when the cause of action accrues, the applicable statute would be that which existed in 1987. *See Raymond v. Lyden*, 728 A.2d 124, 125, n.2, citing *Howe v. Natale*, 451 A.2d 1198, 1201 (Me. 1982).

The plaintiffs pled and argued this case as if it were governed by 14 M.R.S.A. §§ 7551-B and 7552 in its present form. However, there was no section 7551-B in 1987 and section 7552 was very different in 1987. For example, under present section 7552(4)(B) a successful plaintiff would be guaranteed an award of damages of a

3

minimum of $500 if it is proved that the defendant cut or destroyed forest product either intentionally or knowingly. By contrast, under the 1987 version of section 7552 there is no guarantee of a minimum award, but the successful plaintiff would be entitled to treble damages plus costs of professional services and attorney's fees if it is proved that the defendant cut down timber willfully or knowingly. Moreover, the statute does not even appear to contemplate the type of damages caused, as in the present case, when the defendant spreads fill over a portion of the plaintiffs' property. At best, the plaintiffs have proven a willful cutting of one tree upon their property by the defendant even if the defendant did not know that the tree was on their property. Mr. Dall testified concerning the size of this tree, but there is no evidence as to its value as lumber or replacement costs. Therefore, under the statute which existed at the time the cause of action accrued, the plaintiffs have proved their entitlement to only nominal damages, but also have proved, through the violation, their entitlement to professional services, attorney's fees and court costs. The court finds the treble nominal damages to be $3. Professional services are the charge for Mr. Gaither's survey ($1,898.50) and attorney's fees are $3,407. Therefore, the total award will be $5,308.50.

In light of the foregoing, the entry will be:

> (1)     Judgment will be entered for the plaintiffs on their request for declaratory relief. The attorney for the plaintiffs shall prepare a draft final judgment incorporating a correct boundary description of the plaintiffs' property consistent with the Gaither survey of August 22, 2000.
>
> (2)     Judgment for the plaintiffs on the remaining counts. Judgment in the amount of $5,308.50 for the plaintiffs' professional services and attorney's fees, plus court costs and interest.

4

Dated: April___5___, 2002

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __2/20/01__    __Kennebec__    Docket No. __RE01-05__

County

Action __Trespass__

# J. STUDSTRUP

__Penny A. & Darrell J. Dall__    vs. __Rene J. Brochu, Sr.__

| Plaintiff's Attorney | Defendant's Attorney | 661 Eastern Ave |
|---|---|---|
| Joseph M. O'Donnell, Esq.<br>P.O. Box 738<br>Augusta, Maine 04332 | XXXXXXXXXXXXXXXXXXXXXX<br>XXXXXXXXXXXXXXXXXXX<br>XXXXXXXXXXXXXXXXXXXXXX | Augusta Maine 04330 |

| Date of Entry | |
|---|---|
| 2/20/01 | Complaint, filed. s/O'Donnell, Esq.<br>Case File Notice mailed to atty.<br>Notice and Acknowledgement, filed. s/O'Donnell, Esq.<br>Acknowledgment of Receipt of Summons and Complaint, filed. s/Weisberger, Esq<br>Original Summons with return made upon Rene J. Brochu, Sr., filed. |
| 2/27/01 | Answer and Counterclaim to Plaintiff's Complaint, filed. s/Weisberger, Esq. |
| ------ | SCHEDULING ORDER, Studstrup, J.<br>"Scheduling Order filed. Discovery deadline is October 27, 2001."<br>Copies mailed to attys of record. |
| 3/5/01 | Designation of Expert, filed. s/O'Donnell, Esq. |
| ----- | Answer to Counterclaim, filed. s/O'Donnell, Esq. |
| 4/27/01 | Letter regarding expert witness, filed. s/Weisberger, Esq. |
| 5/15/01 | Letter from attorney Weisberger designating Robert Clunie, Jr. as an expert, filed. |
| 8/13/01 | Letter from Defendant, filed.  RE:  Requesting to end Discovery. |

# Continued
# In Mejis