STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, SS.                                  CIVIL ACTION
                                                 DOCKET NO. CUMSC-CV-15-21

JAIME FLAIG,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )
                                      )
UNIVERSITY OF NEW ENGLAND,            )
                                      )
          Defendant.                  )

STATE OF MAINE
Cumberland, ss, Clerk's Office
JUN 16 2016
RECEIVED

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant University of New England ("UNE") has moved for summary judgment on Plaintiff Jaime Flaig's claim for defamation. The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7). Based on the entire record, UNE's motion for partial summary judgment is granted.

*I. Background*

Plaintiff was formerly employed by UNE as its Coordinator of Disability Services. (Pl. Add'l S.M.F. ¶ 2; Def. Reply S.M.F. ¶ 2.) Susan McDevitt was UNE's Director of Disability Services. (Def. Supp. S.M.F. ¶ 28.) McDevitt was Plaintiff's direct supervisor at UNE. (Pl. Add'l S.M.F. ¶ 6; Def. Reply S.M.F. ¶ 6.)

According to McDevitt, on April 16, 2014, she realized that her personal debit card was missing. (Def. Supp. S.M.F. ¶ 3.) McDevitt states that she called her credit union and learned that someone else had used her debit card to make two purchases—one at a store called Home Goods and the other online through a website called bestbuy.com. (*Id.* ¶ 4.) On April 17, 2014, McDevitt reported to UNE's Department of Safety and Security that her personal debit card was missing from where she left it on her work computer and that there were unauthorized charges on her debit card. (*Id.* ¶ 6.) UNE Safety and Security advised McDevitt

1

to make a report to the Biddeford Police Department. (*Id.*) That same day, McDevitt contacted the Biddeford Police and reported that her personal debit card had been taken from her office and used without her authorization. (*Id.* ¶ 7.) In her report to the Biddeford Police, McDevitt did not say she suspected Plaintiff of taking her debit card. (*Id.* ¶ 8.) Rather, McDevitt told the Biddeford Police that she suspected that a member of UNE's housekeeping staff had taken it. (*Id.*)

On May 12, 2014, the Biddeford Police showed McDevitt and other UNE employees a store video of a person using McDevitt's debit card at Home Goods. (Def. Supp. S.M.F. ¶ 14; Pl. Opp. S.M.F. ¶ 14.) Don Clark, UNE's Director of Campus Safety and Security, and McDevitt identified Plaintiff as the person shown in the video. (*Id.* ¶¶ 15-16.) Clark spoke with Plaintiff by phone on May 13, 2014. (*Id.* ¶ 17.) Plaintiff admitted that she used McDevitt's debit card to purchase a lamp at Home Goods. (*Id.*) Plaintiff claimed that McDevitt had authorized Plaintiff to make certain purchases with McDevitt's UNE credit card. (*Id.* ¶ 22.)

In a letter to Plaintiff dated May 16, 2014, Sharon Beaulieu, UNE's human resources director, informed Plaintiff that her employment had been terminated based on UNE's determination that Plaintiff had taken and used McDevitt's personal debit card without authorization. (*Id.* ¶ 26.)

Plaintiff filed a complaint against UNE on January 14, 2015. Plaintiff's complaint asserts claims of unlawful retaliation (Count I), defamation (Count II), and disability discrimination (Count III). Many of Plaintiff's allegations concern events that occurred prior to the incident involving McDevitt's debit card. Plaintiff alleges that UNE, through McDevitt and other UNE employees, has engaged in unlawful discrimination against her based on her

2

disability and has unlawfully retaliated against her for requesting accommodation. (*Id.* ¶¶ 5-40.)

Plaintiff asserts that McDevitt "was setting her up" and falsely accused Plaintiff of stealing her debit card "in order to retaliate against her for her ongoing requests for accommodations and complaints of discrimination and harassment." (Pl. Add'l S.M.F. ¶ 72.) Plaintiff says McDevitt had previously allowed Plaintiff to use her UNE credit card number to make purchases. (*Id.* ¶ 36.) Plaintiff avers that, on April 15, 2014, she asked McDevitt about purchasing a lamp Plaintiff had seen at Home Goods for her office. (*Id.* ¶¶ 38, 42.) Plaintiff says McDevitt authorized her to buy the lamp and gave Plaintiff what McDevitt said was a UNE credit card to purchase the lamp. (*Id.* ¶ 43-44). Plaintiff avers that she believed that the card McDevitt gave her to buy the lamp was McDevitt's UNE-issued credit card, and did not know it was McDevitt's personal debit card. (*Id.* ¶ 46.) Plaintiff avers that she did not use any credit card or debit card without permission. (*Id.* ¶ 74.) She claims to have returned McDevitt's card via UNE's interoffice mail system.

On February 24, 2016, UNE moved for summary judgment solely on Plaintiff's claim for defamation, contained in Count II of Plaintiff's three-count complaint. Plaintiff filed her opposition on March 22, 2016.[1] After an enlargement of time, UNE filed its reply on April 11, 2016. Oral argument was scheduled, but continued at Plaintiff's counsel's request. To avoid further delay, the court is deciding the UNE motion without oral argument.

---

[1] Pursuant to the court's order, the deadline for Plaintiff to file her opposition was extended to March 21, 2016. Thus, Plaintiff's opposition was filed one day late.

[2] Plaintiff does not advance—and has thus waived—any argument that compelled self-publication applies here, but such an argument, even had it been made, would likely not have altered the outcome in this case. *See, e.g. Clemetson v. Sweetser, Inc.*, 2013 Me. Super. LEXIS 113 (Warren, J.) (concluding that

## II. *Analysis*

### A.  Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). "To withstand a motion for summary judgment, the plaintiff must establish a prima facie case for each element of their cause of action." *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (internal citation and quotation marks omitted). If a plaintiff fails to present sufficient evidence on the essential elements, then the defendant is entitled to a summary judgment. *Id.*

### B.  The Defamatory Statements at Issue

UNE's motion for summary judgment essentially argues that the record contains no statements attributable to UNE that a reasonable facfinder could decide are sufficient to impose liability for defamation. UNE asserts the following: (1) any and all reports to law enforcement enjoy absolute privilege from defamation claims; (2) McDevitt's report to the Biddeford Police is not attributable to UNE because her report was made outside the scope of her employment; (3) even if McDevitt's report to the Biddeford Police is attributable to UNE, McDevitt did not

accuse Plaintiff; (4) any other statements by UNE employees to the Biddeford Police are protected by a qualified privilege; and (5) any internal communication within UNE are also protected by a qualified privilege. (Def. Mot. Summ. J. 1.)

In her opposition to the motion for summary judgment, Plaintiff asserts that there are only two defamatory statements at issue in this case: (1) McDevitt's report to the Biddeford Police; and (2) UNE's May 16, 2014 letter to Plaintiff. (Pl. Opp'n to Def. Mot. Summ. J. 1.) Because Plaintiff avers that these are the only statements at issue in this case, the court's review shall be confined to these statements. The court addresses each alleged defamatory statement in turn.

## C.  McDevitt's Report to the Biddeford Police

UNE argues that McDevitt's statements to the Biddeford Police are absolutely privileged, and therefore, not actionable regardless of their truth or falsity. (Def. Mot. Summ. J. 6.) Under Maine law, only unprivileged defamatory communications are actionable. *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991). Maine has recognized an absolute privilege for parties engaged in civil and criminal proceedings:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

*Keenan v. Int'l Ass'n of Machinists & Aero. Workers*, 2012 Me. Super. LEXIS 31, at *26-27 (Feb. 23, 2012) (quoting Restatement (Second) of Torts § 587 (1979)); *accord Raymond v. Lyden*, 1999 ME 59, ¶ 6, 728 A.2d 124; This absolute privilege extends to any "information given and informal complaints made to a prosecuting attorney *or other proper officer preliminary to a proposed criminal prosecution* whether or not the information is followed by a formal complaint or affidavit." Restatement (Second) of Torts § 587 cmt. b (emphasis supplied).

5

For a variety of reasons, the McDevitt report to the Biddeford police cannot be the basis of a defamation claim by Plaintiff against UNE. First, as Plaintiff concedes, McDevitt's statements to the Biddeford Police are absolutely privileged. (Pl. Opp'n to Def. Mot. Summ. J. 1, 13.) Second, McDevitt's report to the Biddeford Police is not attributable to UNE because it was made outside the scope of her employment. Third, the report is not defamatory as to Plaintiff because it does not identify Plaintiff as the perpetrator of the theft of McDevitt's credit card. (Pl. Opp'n to Def. Mot. Summ. J. 13-14); *see Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 14, 823 A.2d 540 (concerning vicarious liability and stating that conduct is beyond the scope of employment if the conduct is "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the [employer]."); *Lester*, 596 A.2d at 69 (stating that defamatory statement must be "of and concerning" the plaintiff).

Accordingly, Defendant is entitled to summary judgment on Plaintiff's defamation claim to the extent the claim is based on McDevitt's report to the Biddeford Police.

D.    UNE's May 16, 2014 Letter

Unlike McDevitt's report to the police, UNE's May 16, 2014 letter to Plaintiff notifying her of her termination does accuse Plaintiff of taking and using McDevitt's credit card without permission, and thus could be considered defamatory as to Plaintiff. Moreover, while Plaintiff concedes that UNE is entitled to a qualified privilege regarding the May 16, 2014 letter, but argues that UNE has abused that privilege and not entitled to its protection. (*Id.* at 14.) Plaintiff argues that UNE has lost its qualified privilege because it made the alleged defamatory statements in the May 16, 2014 letter "outside normal channels or with malicious intent." (*Id.* at 15); *see Gautschi v. Maisel*, 565 A.2d 1009, 1011 (Me. 1989).

However, the court does not reach the issue of UNE's qualified privilege defense, because Plaintiff has failed to establish an essential element of defamation based on the May 16,

2014 letter. To assert a claim for defamation, a plaintiff must establish that the defendant published the defamatory statement to a third party. *See Bakal v. Weare*, 583 A.2d 1028, 1029 (Me. 1990); *Lester*, 596 A.2d at 69. In this context, given that Defendant's motion challenges the sufficiency of her defamation claim, Plaintiff has the burden to present admissible evidence that a reasonable factfinder could deem sufficient to prove that the Defendant is liable for defamation. As to the publication element of her claim, Plaintiff has not met her burden.

Plaintiff asserts the following regarding the May 16, 2014 letter: the letter notified Plaintiff that her employment at UNE would end that same day; the letter stated that UNE had "thoroughly investigated a report of misconduct" in which it was alleged that Plaintiff took McDevitt's credit card and made purchases without permission; the letter stated that UNE had concluded its investigation and found that Plaintiff did take and use the credit card without authorization; a copy of the letter was sent to Plaintiff's personnel file. (Pl. Add'l S.M.F. ¶¶ 75-78.)

Thus, the record before the court indicates that UNE"s May 16, 2014 letter was published only to Plaintiff and placed in her personnel file, and contains no indication that it was published to any third party.[2] Because Plaintiff's defamation claim rests solely on the May 16, 2014 letter, and because Plaintiff has failed to make a prima facie showing as to publication, an essential element of her defamation claim, Defendant is entitled to summary judgment on the defamation claim.

---

[2] Plaintiff does not advance—and has thus waived—any argument that compelled self-publication applies here, but such an argument, even had it been made, would likely not have altered the outcome in this case. *See, e.g. Clemetson v. Sweetser, Inc.*, 2013 Me. Super. LEXIS 113 (Warren, J.) (concluding that the Law Court likely would not adopt compelled self-publication as a basis for a defamation claim in Maine).

*III. Conclusion*

In response to Defendant's motion, Plaintiff has failed to meet her burden to present admissible evidence that a reasonable factfinder could accept as sufficient to prove that Defendant is liable to Plaintiff for defamation. It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

Defendant University of New England's motion for partial summary judgment is granted. Defendant is hereby granted judgment on Count II of the complaint. All other claims remain pending.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated June 15, 2016

_____
A.M. Horton
Justice, Superior Court