STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-139

GERALD W. LACROSSE,

    Plaintiffs

**ORDER**

v.

JED DAVIS,

    Defendant.

Before the Court is Defendant Jed Davis's Motion to Dismiss Plaintiff Gerald LaCrosse's complaint. Davis seeks to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief can be granted and that there is insufficient service of process and lack of personal jurisdiction. For the following reasons, the motion is Granted.

### Background

In his complaint, LaCrosse alleges one count of defamation against Davis. Specifically, LaCrosse alleges that Davis is an attorney who wrote a letter to LaCrosse stating that LaCrosse made a false 911 report and that this false report constitutes a crime. The complaint further alleges that the purpose of the letter was to demand that LaCrosse refrain from making false 911 claims regarding Davis's client, Amy Legasse. The complaint also alleges that a copy of the letter was sent to Legasse and that the contents of the letter were also published to staff at Davis's law office, the Clerk of Courts and John and Jane Does 1-10. The complaint alleges that the contents of the letter are maliciously false.

1

## Discussion

### 1. Failure to State a Claim Upon Which Relief Can Be Granted

The Court agrees with Davis's argument that LaCrosse's complaint fails to state a claim for defamation. Maine recognizes the elements of Defamation as set forth in the Restatement (Second) of Torts § 558. *Rippett v. Bemis*, 672 A.2d 82, 86 (Me. 1996). Thus, defamation in Maine consists of an unprivileged publication to a third party of a false and defamatory statement concerning another. *Rippett v. Bemis*, 672 A.2d 82, 86 (Me. 1996).[1] Maine also follows the Restatement and recognizes that an absolute privilege exists which protects a party to private litigation from liability for defamatory statements made in the institution of a judicial proceeding. *Raymond v. Lyden*, 1999 ME 59, ¶ 6 & n.7, 728 A.2d 124 (citing Restatement (Second) of Torts §§ 65, 587 (1977)). Pursuant to the Restatement, this absolute privilege also extends to defamatory communications preliminary to a proposed judicial proceeding, so long as the communication has some relation to the proposed proceeding. (citing Restatement (Second) of Torts § 587 (1977). Courts in Maine and Massachussets have also recognized this privilege. *Smith v. IDEXX Labs., Inc.*, No. CV-99-493, 2000 Me. Super. LEXIS 6, **5-6, (Jan. 11, 2000); *Theran v. Rokoff*, 602 N.E.2d 191, 193 (1992); *Sriberg v. Raymond*, 345 N.E.2d 882, 883-84 (1976). This Court believes that if given the opportunity, the Maine Supreme Judicial Court would do the same.

In this case, the only defamatory statements that LaCrosse alleges Davis published are statements contained in the letter Davis sent to LaCrosse. This letter, however, was sent to Davis for the purpose of demanding that Davis cease and desist from making false claims to the 911 reporting system. The obvious thrust of the letter is that if LaCrosse does not cease and desist from

---

[1] Defamation also requires fault amounting to at least negligence on the part of the publisher and either harm caused by the publication or actionability irrespective of any harm. *Id.*

2

such conduct, legal action will be taken. The Letter therefore falls within the absolute privilege for communications preliminary to a proposed judicial proceeding. *See Raymond*, 1999 ME 59, ¶ 6 & n.7, 728 A.2d 124; Restatement (Second) of Torts § 587; *Sriberg*, 345 N.E.2d at 883-84. Consequently, LaCrosse cannot prevail on his claim for defamation as set forth in his complaint.

## 2. Insufficient Service of Process

Although the Court concludes that LaCrosse's complaint fails to state a claim for relief, the complaint is also subject to dismissal due to insufficient service of process.

Pursuant to Rule 4 of the Maine Rules of Civil Procedure, a plaintiff may affect service by mail by adhering to the following practice:

> By mailing a copy of the summons, complaint, and notice regarding Electronic Service (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment form and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this paragraph is received by the sender within 20 days after the date of mailing, service of the summons, complaint, and notice regarding Electronic Service shall be made under paragraph (2) or (3) of this subdivision.

M.R. Civ. P. 4(c)(1). In this case, LaCrosse attempted to serve Davis by mailing him the summons, complaint, and a copy of the notice regarding electronic service by registered mail. LaCrosse did not include an acknowledgment of service and no acknowledgment forms were returned to the Court. LaCrosse therefore did not comply with the requirements of Rule 4 and no service occurred.[2] *See Brown v. Thaler*, 2005 ME 75, ¶ 11, 880 A.2d 1113 (holding that "[b]ecause the defendants did not acknowledge service, and no acknowledgement forms were returned to the court, no service occurred when [the plaintiff] mailed them the summons and complaint."). Consequently,

---

[2] M.R. Civ. P. 4(f) does allow service by mail when "service cannot, with due diligence, be made personally within the state." This rule is inapplicable in the present case because service would not be made upon a person outside the state. *Brown*, 2005 ME 75, ¶ 11 n.2, 880 A.2d 1113.

3

LaCrosse's complaint may also be dismissed on the alternative ground that there has been insufficient service of process. *See id.* ¶ 13.

## Conclusion

For the foregoing reasons the Court finds that LaCrosse's complaint fails to state a claim upon which relief may be granted and that LaCrosse did not properly affect service upon Defendant Davis.

The entry is

Defendant Jed Davis's Motion to Dismiss is GRANTED. Pursuant to Maine Rules of Civil Procedure 12(b)(6) and 12(b)(4), Gerald LaCrosse's Complaint is DISMISSED.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: 12/19/19

Justice, Superior Court

4